**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James T. TAYLOR, Defendant-Appellant.**

**No. 73-1721.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1974.

Decided June 5, 1974.

---

William J. Richards, Detroit, Mich., for defendant-appellant; Martin I. Reisig, Detroit, Mich. (court appointed), Michael H. R. Buckles, Research Asst., on brief.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This is a direct appeal from appellant's conviction on two counts of a six-count indictment charging uttering and publishing forged checks and receipt and possession of stolen mail, in violation of 18 U.S.C. § 495 and § 1708 (1970). He was sentenced to two concurrent terms of two years each, after being found guilty by an *11-person* jury in the United States District Court for the Eastern District of Michigan.

This case represents another aspect of the construction of Rule 23(b) of the Federal Rules of Criminal Procedure which we last construed in United States v. Lane, 479 F.2d 1134 (6th Cir.), cert. denied, 414 U.S. 861, 94 S.Ct. 78, 38 L. Ed.2d 112 (1973).

Rule 23 provides:

"(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

"(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12." Fed.R. Crim.P. 23(a) & (b).

In the *Lane* case we held that where the parties (government and defendant) have stipulated in open court through their lawyers, and the oral assent of the defendant himself was entered on the stenographic record of the court to the submission of the case to a jury consisting of 11 jurors, this was sufficient compliance with the "in writing" provision of the rule.

In this case, however, the District Judge took a stipulation at the beginning of the trial between counsel for the government and counsel for the defendant that in the event a juror became ill, the case would proceed to verdict with only 11 jurors. The District Judge did not conduct any voir dire with the defendant himself, although the defendant, of course, was in the courtroom at the time the stipulation was entered. Nor did the District Judge conduct such a voir dire directly with the defendant when in fact a juror became ill and he ruled that the case would proceed with 11 jurors. Thus this record does not

show that the defendant himself ever assented to the waiver, either orally or in writing.

The sole question we consider on this appeal is whether the failure of the District Court to comply literally with the terms of Rule 23 requires reversal for new trial.

This same question was considered by the Ninth Circuit, which held:

"Counsels' oral stipulation for an eleven-member jury was not in writing, but did appear in the reporter's transcript. The court did not personally address Guerrero-Peralta, and no statement by her concerning her decision to proceed appears in the record. An oral stipulation may, under certain circumstances, satisfy the Rule, but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation. Rogers v. United States, 7 Cir., 1963, 319 F.2d 5; see Bayless v. United States, 9 Cir., 1967, 381 F.2d 67, 75 (oral waiver of jury trial as to certain issues, citing Rogers); Taylor v. United States, 9 Cir., 1944, 142 F.2d 808, 816 (citing Patton v. United States, ·1930, 281 U. S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854)." United States v. Guerrero-Peralta, 446 F.2d 876, 877 (9th Cir. 1971). (Footnote omitted.)

We agree with the Ninth Circuit analysis. The word "parties" in Rule 23(b) must be construed to require the express consent of the defendant himself. United States v. Virginia Erection Corp., 335 F.2d 868, 871 (4th Cir. 1964).

■ We note that the government's primary insistence on this appeal is that the error complained of was harmless. We cannot so construe it. To do so would be to open the door to emasculation of the rule. Further, waiver of a jury trial, even the waiver of one juror, is the waiver of a basic and important right which cannot be accomplished upon "a silent record." *See* Boykin v.

Alabama, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The judgment of the District Court is vacated and the case is remanded for new trial.