(807 P.2d 705)

No. 64,596

STATE OF KANSAS, *Appellee*, v. STEVEN A. ROLAND, *Appellant.*

Opinion filed March 15, 1991.

*Charles D. Dedmon*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Alisa M. Arst*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., BRAZIL and ELLIOTT, JJ.

BRAZIL, J.: Steven A. Roland appeals from convictions for felony theft and misdemeanor theft, claiming that his right to a twelve-person jury was violated. We vacate and remand.

After Roland's trial had begun, one juror was allowed to leave due to a family death. Counsel for the State, counsel for Roland, and the court agreed to proceed with eleven jurors. The eleven-member jury found the defendant guilty on both counts.

Roland contends that the failure of the court to obtain his consent rather than his counsel's consent has deprived him of his right to a jury trial as provided in the Sixth Amendment and the Fourteenth Amendment to the United States Constitution, his Fifth Amendment due process right to the benefit of Kansas statutory law on jury size, and sections 5 and 10 of the Bill of Rights to the Kansas Constitution.

K.S.A. 22-3403(2) provides: "A jury in a felony case shall consist of twelve members. However, the parties may agree in writing, at any time before the verdict, with the approval of the court, that the jury shall consist of any number less than twelve." K.S.A. 1990 Supp. 22-3404(4) provides: "Except as otherwise provided by law, the rules and procedures applicable to jury trials in felony cases shall apply to jury trials in misdemeanor and traffic offense cases."

The Kansas Supreme Court interpreted K.S.A. 22-3403(2) in *State v. Hood*, 242 Kan. 115, 744 P.2d 816 (1987). In *Hood*, one of the jurors who had sat through the first day of trial was discovered to be subject to a pending murder charge. The juror was excused, and the defendant's attorney recommended that the trial court declare a mistrial. The trial court held that the accused, not his counsel, had the right to decide if an eleven-member jury was appropriate. The court addressed the defendant, who agreed in writing to complete the trial with eleven jurors. 242 Kan. at 123-25. In discussing this action in light of K.S.A. 22-3403(2), the Kansas Supreme court said:

> "The defendant has a right to trial by jury. This is assured to him by sections 5 and 10 of the Bill of Rights of the Kansas Constitution and by the Sixth Amendment to the United States Constitution made applicable to the states through the Fourteenth Amendment. [Citations omitted.] . . . [S]ince the right belongs to the defendant, we conclude that the defendant personally, and not counsel for the defendant, has the right to assent to a trial by less than a twelve-person jury." 242 Kan. at 125.

*Hood* thus states that the defendant can override his counsel's objection to less than a twelve-member jury but does not ex-

plicitly hold that the defendant must be personally addressed regarding the right.

The right to assent to less than twelve jurors is derived from the right of the defendant to waive a jury trial. See *State v. Scott*, 156 Kan. 11, 15, 131 P.2d 664 (1942). Because the defendant can waive a jury trial, he can also agree to a trial by less than twelve jurors.

Regarding waiver, the Kansas Supreme Court stated in *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975):

"Since the right to a trial by jury is constitutionally preserved, waiver of the right should be strictly construed to afford a defendant every possible opportunity to receive a fair and impartial trial by jury. . . . [T]he test for determining the validity of a waiver of the right to a jury trial is whether the waiver was voluntarily made by a defendant who knew and understood what he was doing. [Citation omitted.] . . . [A] waiver of the right to a jury trial will not be presumed from a silent record."

The court then adopted the following procedure for accepting a waiver: "[I]n order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." 216 Kan. at 590.

Because having a jury of less than twelve is derived from the ability to waive a jury trial, the same procedures afforded to a complete waiver of jury should be extended to a reduction in the number of jurors. If, following *Irving*, the Kansas Legislature's mandate that consent be in writing is relaxed to merely requiring a stipulation, then the defendant must personally waive the right in open court on the record.

Pursuant to K.S.A. 22-2103, which states that the criminal procedure code is intended to provide for the just determination of every criminal proceeding, the State argues that K.S.A. 22-3403 should not be construed technically. The State cites two cases from other jurisdictions that construe provisions similar to the Kansas statute liberally to allow waiver without express authority from the defendant.

In *State v. Ciniglio*, 57 N.J. Super. 399, 154 A.2d 845 (1959), the court held that the defendant's failure to stipulate in writing to a jury of less than twelve members as required by a New

Jersey law was not an error requiring correction. The court stated that it did not approve of noncompliance with the writing requirement, but "[s]o long as defendant knowingly and understandingly participated in the oral agreement to go ahead with 11 jurors, he has no standing to now claim that such arrangement is not binding on him because it was not in writing." 57 N.J. Super. at 406. The transcript of the trial indicated that the defendant was not personally addressed.

Similarly, in *Horne v. United States*, 264 F.2d 40, 42 (5th Cir. 1959), the Fifth Circuit Court of Appeals found no error in the trial court proceeding with an eleven-person jury when counsel agreed and defendant "voiced no protest and made no objection."

Other jurisdictions, however, hold that failure to address the defendant personally is error. In *United States v. Taylor*, 498 F.2d 390, 391 (6th Cir. 1974), the Sixth Circuit Court of Appeals was called upon to interpret Rule 23(b) of the Federal Rules of Criminal Procedure, which provides: " 'Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.' " The judge accepted a stipulation at the beginning of the trial by counsel for the government and counsel for the defendant that, in the event a juror became ill, the case would proceed to verdict with eleven jurors. In holding that this violated the right to a jury trial, the Court of Appeals stated:

"The District Judge did not conduct any voir dire with the defendant himself, although the defendant, of course, was in the courtroom at the time the stipulation was entered. Nor did the District Judge conduct such a voir dire directly with the defendant when in fact a juror became ill and he ruled that the case would proceed with 11 jurors. Thus this record does not show that the defendant himself ever assented to the waiver, either orally or in a writing." 498 F. 2d at 391-92.

The court then held that the word "parties" in Rule 23(b) means the defendants, and the consent of the defendant himself is needed. The *Taylor* court further stated that waiver even of one juror is a waiver of a basic right that cannot be inferred from a silent record. 498 F.2d at 392.

The *Taylor* court's holding is consistent with *United States v. Virginia Erection Corporation*, 335 F.2d 868 (4th Cir. 1964), which stated as to Rule 23(b): "If the number is to be reduced,

a *written* stipulation of the parties provides the best evidence of the *express* consent of a defendant." (Emphasis in original.) 335 F.2d at 871.

Requiring a court to obtain oral consent from the defendant would be consistent with *Hood,* 242 Kan. 115; *Irving,* 216 Kan. 588; and *Scott,* 156 Kan. 11. *Hood* asserts that the right is personal to the defendant. 242 Kan. at 125. *Scott* acknowledges that the right to consent to less than a twelve-member jury is derived from the right to waive a jury trial altogether. 156 Kan. at 15. The logical conclusion from this is that the same protections that *Irving* mandates for a valid waiver of a jury trial must be complied with for a reduction in jurors to be valid. Thus, "the defendant must first be advised by the court of his right . . . , and he must personally waive this right in writing or in open court [on] the record." *Irving,* 216 Kan. at 590.

In the case at hand, the State further argues that failure to comply with the writing requirement or to get the defendant's consent in court is irrelevant because the defendant received a fair trial. A knowing and voluntary consent to less than twelve jurors is predicated not only on Kansas statute, but also on the Sixth Amendment and the Fourteenth Amendment to the United States Constitution and sections 5 and 10 of the Bill of Rights to the Kansas Constitution. *Hood,* 242 Kan. at 125. The United States Supreme court has recognized that some constitutional errors do not require reversal but has also held that certain rights are so fundamental that their violation cannot be harmless error. *United State v. Lane,* 474 U.S. 438, 461 n.2, 88 L. Ed. 2d 814, 106 S. Ct. 725 (1985) (Brennan, J., concurring in part, dissenting in part). In Kansas, an appellate court can declare a violation harmless only if the error "had little, if any, likelihood of having changed the result of the trial." *State v. Knapp,* 234 Kan. 170, Syl. ¶ 7, 671 P.2d 520 (1983). As the *Taylor* court recognized, to recognize the error as harmless would "open the door to emasculation of the rule [requiring written consent to less than twelve jurors]. Further, waiver of a jury trial, even the waiver of one juror, is the waiver of a basic and important right which cannot

be accomplished upon 'a silent record.' " *United States v. Taylor*, 498 F.2d at 392. Thus, Roland's conviction must be vacated.

Vacated and remanded for a new trial.