609 A.2d 337

**STATE of Maryland**

v.

**Earl Michael KENNEY.**

**No. 119, Sept. Term, 1991.**

Court of Appeals of Maryland.

July 24, 1992.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Gary S. Offutt, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

The question presented in this case is whether an accused can effectively agree to trial by less than a 12–person jury where the trial court does not conduct a personal inquiry of the accused to determine that his decision was made knowingly and intelligently.

## I.

Earl Michael Kenney was charged by indictment with, *inter alia*, kidnapping, false imprisonment, battery, and transporting a handgun as the result of an alleged attack on Angela Yvonne Tillman, his former girlfriend. On May 30, 1990, his jury trial commenced in the Circuit Court for Prince George's County. The jury retired to deliberate at 5:28 p.m. on Friday, June 1, 1990. At 7:00 p.m. that evening the court informed the members of the jury that they would recess at that time and be excused until Monday morning when they would return to resume their deliberations. The foreman of the jury then advised the court that one member

of the jury had surgery scheduled for Monday morning and could not return for further deliberations. At the bench the juror advised the court that she was scheduled for breast surgery which could not be postponed. The following colloquy ensued:

"THE COURT: Okay. Wait a minute. We have a choice. He [the defendant] can either go with 11, or I am not going to ask this lady to come back on Monday under the circumstances. We can either declare a mistrial, stay tonight or go with 11.

"[DEFENSE COUNSEL]: I would assume it would have to be stay tonight or go with the 11. I would have to ask my client if he would go with the 11, if that's the alternative.

"THE COURT: Why don't you go down there and we will wait right now.

"(The juror went back to the jury box.)

"([Defense counsel] returned to the bench and the following ensued:)

"[DEFENSE COUNSEL]: Your Honor, could I ask the State's Attorney if their intentions are to prosecute the case if it's a mistrial? My client has advised me—

"THE COURT: You know they are going to prosecute him.

"[DEFENSE COUNSEL]: My client has advised me that he does not want to interfere with this person's surgery, and he will go with the 11.

"THE COURT: He will go with the 11? Okay."

The juror was excused and, on the following Monday, the eleven remaining members of the jury reached unanimous verdicts on the charges, finding Kenney guilty of battery and unlawfully transporting a handgun. Kenney was found not guilty of false imprisonment and kidnapping.

The Court of Special Appeals reversed Kenney's convictions, and remanded the case for a new trial, holding that a personal inquiry of the accused is necessary for there to be a valid waiver of a 12-person jury. *Kenney v. State*, 88

Md.App. 289, 594 A.2d 1174 (1991). We granted the State's petition for certiorari to consider this important question.

## II.

■ The State argues that the intermediate appellate court erred in holding that a personal inquiry of the accused is necessary for there to be a valid waiver of a 12–person jury. This conclusion, the State submits, is supported by our cases interpreting our Declaration of Rights and the common law, the Maryland Rules of Procedure, and out-of-state authority. We agree and explain.

In granting the State's petition for certiorari, we reformulated the question presented to explicitly require an examination of *State v. McKay*, 280 Md. 558, 375 A.2d 228 (1977). In that case the accused was erroneously led to believe that unless he agreed to accept a majority verdict of the jury on one count of the indictment he would be retried on all counts, including those of which he had been acquitted. We held that unanimity of jury verdict is a right guaranteed the accused in a criminal trial by Article 21 of the Maryland Declaration of Rights [1] which explicitly requires the "unanimous consent" of the jury for a finding of guilt. *McKay*, 280 Md. at 566, 375 A.2d at 233. We further held that "[s]ince a unanimous jury verdict is a fundamental constitutional right guaranteed the defendant in a criminal case, it can be dispensed with only when he 'competently and intelligently' waives that right," citing the standard enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, 1469 (1938). *McKay*, 280 at 572, 375 A.2d at 236. Since it was apparent from the record that McKay's waiver of a unanimous jury was based "on a grossly inaccurate premise," we concluded that he was entitled to a new trial on the one count of which he had been convicted

---

1. Article 21 of the Declaration of Rights provides in relevant part: "That in all criminal prosecutions, every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty."

by a nine to three vote of the jurors and that he stood acquitted of the other charges in the indictment. *Id.* at 573–74, 375 A.2d at 236–37.

The fundamental constitutional right at stake in *McKay* is not comparable to the right at issue in the case *sub judice* because there is a well-recognized distinction between the waiver of jury unanimity and the waiver of a 12–person jury. *See United States v. Smedes,* 760 F.2d 109, 112–13 (6th Cir.1985); *United States v. Essex,* 734 F.2d 832, 840 (D.C.Cir.1984); *United States v. Pachay,* 711 F.2d 488, 492 (2d Cir.1983); *United States v. Scalzitti,* 578 F.2d 507, 510–11 (3d Cir.1978); *United States v. Vega,* 447 F.2d 698, 701 (2d Cir.1971), *cert. denied,* 404 U.S. 1038, 92 S.Ct. 712, 30 L.Ed.2d 730 (1972). *See also State v. Griffith,* 561 So.2d 528, 530 (Fla.1990) (recognizing distinction between fundamental right to jury trial and question of how many jurors would serve at that trial); *State v. Machia,* 155 Vt. 192, 195, 583 A.2d 556, 558 (1990) (same). The only question in this case was the number of jurors that would be sitting to reach a unanimous decision.

The Supreme Court has held that the constitutional guarantee of a "trial by jury" does not require a trial by a panel of 12 in a state court. *Williams v. Florida,* 399 U.S. 78, 86, 90 S.Ct. 1893, 1898, 26 L.Ed.2d 446, 452–53 (1970). As the *Williams* Court established, "the fact that the jury at common law was composed of precisely 12 is a historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics.'" *Id.,* 399 U.S. at 102, 90 S.Ct. at 1907, 26 L.Ed.2d at 461. The Court added:

> "To read the Sixth Amendment as forever codifying a feature so incidental to the real purpose of the Amendment is to ascribe a blind formalism to the Framers which would require considerably more evidence than we have been able to discover in the history and language of the Constitution or in the reasoning of our past decisions....
> Our holding does no more than leave these considerations to Congress and the States, unrestrained by an interpre-

tation of the Sixth Amendment that would forever dictate the precise number that can constitute a jury."
*Id.* at 102–03, 90 S.Ct. at 1907, 26 L.Ed.2d at 461–62.

The *Williams* Court held that a six-person jury satisfied the Sixth Amendment requirement[2] because such a jury has the "essential feature of a jury," that is "the interposition between the accused and his accuser of the common sense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." *Id.* at 100, 90 S.Ct. at 1906, 26 L.Ed.2d at 460. The jury need only be "large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representative cross-section of the community." *Id.* Unlike the "historical accident" of jury size, unanimity relates directly to the deliberative function of the jury. Unanimity serves to effectuate the purpose of the jury system by promoting the full expression of the views of all members of the jury and by insuring that those views are taken into account as fully and fairly as possible in reaching a verdict. *Scalzitti, supra,* 578 F.2d at 512.

█ Nor is there any imperative requirement of a 12–person jury which cannot be waived based on Article 5 of the Maryland Declaration of Rights which provides in pertinent part: "That the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that Law ..." In *McKay, supra,* we examined the development of the common law right to a jury trial in Maryland:

"Despite the provision in Article 5 entitling inhabitants of Maryland 'to the Common Law of England, and the trial by Jury, according to the course of that Law,' Article

---

2. The Sixth Amendment guarantee of jury trial in criminal prosecutions is applicable to state trials through the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491, 496 (1968).

21 embraces the Maryland colonial experience. Waiver of the right to trial by jury was recorded as early as 1642, only eight years after settlement of St. Mary's, IV Archives of Maryland 165 (1642), and juries of 10 and 11 men were summoned on at least a few occasions in civil suits. LXX Archives xv. 72, 160 (1681–82). Early proceedings of the General Assembly are also illuminating. An act of 1642 stated:

'... the Defendt. in any cause civill or Criminall may put himself for tryall upon the judge or Court or, upon his Country or may wage his Law in cases allowable by the law of England[.] if both parties joyn in the tryall it Shall be tryed according to their agreemt.' I Archives of Maryland 151, 186 (1642).

Thus, by 1776, Maryland had long since departed from the English common law, by judicial decision or legislative enactment, in permitting waiver of not only trial by jury, but also at least one of its [traditional] elements, the 12–man jury. *Cf. Singer v. United States,* 380 U.S. [24,] 27–31 [85 S.Ct. 783, 786–88, 13 L.Ed.2d 630] [ (1965) ] (jury trial not waivable at common law); *Patton v. United States,* 281 U.S. [276,] 288 [50 S.Ct. 253, 254, 74 L.Ed. 854] [ (1930) ] (common law jury consisted of 'twelve men, neither more nor less'). What this Court said at a much earlier time respecting the provision in Article 5, pertaining to the common law, seems particularly apposite here:

'... [Article 5] has no reference to adjudications in England anterior to the colonization, or to judicial adoptions here, of any part of the common law, during the continuance of the colonial government, but to the common law in mass, as it existed here, either potentially or practically, and as it prevailed in England at the time, except such portions of it as are inconsistent with the spirit of that instrument [the Declaration of Rights], and the nature of our new political institutions....' *State v. Buchanan,* 5 H. & J. 317, 358 (1821)."

*McKay*, 280 Md. at 567–68, 375 A.2d at 233–34. Thus, although unanimity of the jury is mandated by Article 21 of the Declaration of Rights, Article 5 of the Declaration of Rights does not prohibit a jury of less than 12 persons if the parties agree.

Maryland Rule 4–311 governs the right to a trial by jury in criminal cases in the circuit courts. In pertinent part, it provides:

> **(b) Number of Jurors.**—A jury shall consist of 12 persons unless the parties stipulate at any time in writing or on the record that the jury shall consist of any number less than 12.”

By its terms, the rule states that the “parties” may stipulate. This contrasts with Md. Rule 4–246(b), governing the procedure for acceptance of defendant's waiver of jury trial, which requires the court to examine “the *defendant* on the record in open court” and to find that the waiver is “made knowingly and voluntarily” before accepting a waiver of a jury trial. (emphasis added).

Maryland case law also bears out this conclusion. In *Howell v. State*, 87 Md.App. 57, 589 A.2d 90, *cert. denied*, 324 Md. 324, 597 A.2d 421 (1991), the defendant voluntarily absented himself from the proceedings, and the trial judge refused to allow defense counsel to waive the right to a jury trial. On appeal, Howell argued that, because the trial court found a waiver of his right to be present at trial, he must also have waived his right to make any decision concerning trial conduct and thus had deferred those decisions to his counsel. The Court of Special Appeals correctly observed that Md.Rule 4–246(b) “requires a defendant to be tried by jury unless he is *personally* examined in open court as to his desire to waive his jury trial rights.... It is a right personal to a defendant; it is not a right possessed by his counsel.” *Id.* 87 Md.App. at 76–77, 589 A.2d at 100. Thus, the intermediate appellate court held that the trial court did not err by refusing to allow defense counsel to waive trial by jury. *See also Tibbs v. State*, 323 Md. 28, 590 A.2d 550 (1991) (discussing suffi-

ciency of personal inquiry of defendant when waiving jury trial right). Kenney was represented by counsel, and therefore, is presumed to have been informed of his rights. *Fowler v. State*, 237 Md. 508, 515, 206 A.2d 802, 806 (1965); *Stevens v. State*, 232 Md. 33, 39, 192 A.2d 73, 77, *cert. denied*, 375 U.S. 886, 84 S.Ct. 160, 11 L.Ed.2d 115 (1963). *See Woodell v. State*, 223 Md. 89, 95, 162 A.2d 468, 472 (1960) (attorneys, whether employed by the accused or court appointed, are officers of the court and are presumed to do as the law and their duty require them). This is not to say that the decision to waive the 12–person jury is a mere matter of trial tactics that a lawyer is entitled to make even in the face of the client's disapproval. It is certainly true that "[w]hen a defendant is represented by counsel, it is counsel who is in charge of the defense and his say as to strategy and tactics is generally controlling." *Parren v. State*, 309 Md. 260, 265, 523 A.2d 597, 599 (1987). Nevertheless, "the defendant ordinarily has the ultimate decision when the issue at hand involves a choice that will inevitably have important personal consequences for him or her, and when the choice is one a competent defendant is capable of making." *Treece v. State*, 313 Md. 665, 674, 547 A.2d 1054, 1058–59 (1988).

In the instant case, the record discloses that after the trial judge determined at a bench conference that a juror would be unable to continue to deliberate due to a scheduled surgical operation, the court informed defense counsel that there were three options available: declare a mistrial; have the jury continue deliberations that night; or proceed with 11 jurors on Monday, the next scheduled court date. Defense counsel stated that he would ask Kenney what he preferred and then conferred with him. Counsel returned to the bench and, after confirming that a mistrial would result in a new trial, stated: "My *client has advised me* that he does not want to interfere with this person's surgery, and he will go with the 11." (emphasis added).

■ Under these circumstances, this situation is no different from the myriad of situations that occur during the

course of a trial in which the court properly accepts counsel's representations as to what the defendant prefers. *See, e.g., Henry v. State,* 324 Md. 204, 226, 596 A.2d 1024, 1035 (1991) (although trial judge discouraged defendant from participating in bench conferences, defendant's right to be present was waived by his counsel's acquiescence), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992); *Chase v. State,* 309 Md. 224, 235–36, 522 A.2d 1348, 1353–54 (1987) (defendant's right to be present during the entire adjudicatory phase of a revocation of probation hearing may be waived by counsel without the personal waiver of the defendant); *Noble v. State,* 293 Md. 549, 556, 446 A.2d 844, 847 (1982) (defendant's right to be present at every stage of trial may be waived by action or inaction of defense counsel, except where the right of confrontation is implicated or where the waiver requires the knowing and intelligent action of the defendant); *Williams v. State,* 292 Md. 201, 217–20, 438 A.2d 1301, 1308–10 (1981) (counsel may waive defendant's right to be present at bench conferences involving examination of prospective jurors or during certain other stages of trial, provided no other constitutional rights of defendant are infringed by his absence); *State v. Magwood,* 290 Md. 615, 628, 432 A.2d 446, 453 (1981) (right to a sequestered jury during the deliberative stage of trial, which for purposes of this decision was assumed to exist, is not so fundamental that it can only be waived by the defendant personally). *See also Curtis v. State,* 284 Md. 132, 141–50, 395 A.2d 464, 469–74 (1978) (interpreting the requirement of a "knowing and intelligent" waiver of rights as a statutory bar to post conviction relief). Moreover, in this situation, it should be presumed that counsel gave Kenney full advice of his options. *See, e.g., Gilliam v. State,* 320 Md. 637, 655–56, 579 A.2d 744, 753 (1990) (presumed that defense counsel correctly informed defendant about significance of election not to testify, absent any indication to the contrary); *State v. Priet,* 289 Md. 267, 290, 424 A.2d 349, 360–61 (1981) (presumed that defense counsel has explained nature of charge in sufficient detail to give

accused notice of crime to which he or she is pleading guilty). Accordingly, the waiver of the 12–person jury in this case by defense counsel following his off-the-record discussion with the accused effectively bound the accused.

In the absence of any requirement that a 12–person jury may only be waived by the accused personally, the courts of our sister states who have considered the question of waiver of a full jury in criminal prosecutions have upheld the validity of such waivers by counsel without the defendant being examined to assure that his counsel's stipulation accurately represents his knowing and intelligent waiver. *See State v. Machia*, 155 Vt. 192, 195–99, 583 A.2d 556, 558–60 (1990) (reviewing cases and concluding that defense counsel's stipulation to 11–person jury is tactical or strategic decision which can be made by counsel with defendant's implied consent); *Judy v. State*, 470 N.E.2d 380, 382 (Ind. App.1984) (defense attorney could consent, on behalf of defendant, to trial by less than a 12–person jury, even though statute requires defendant's consent, since the consent did not involve a fundamental right but merely a matter of trial procedure); *Hudson v. State*, 250 Ga. 479, 483–84, 299 S.E.2d 531, 535 (1983) (while it may be a better practice, it is not necessary for an accused to personally agree to be tried by a jury of less than 12, and counsel for accused may validly waive right if waiver is made, without objection, in the accused presence or the accused otherwise acquiesces in the waiver); *State v. Ciniglio*, 57 N.J.Super. 399, 404–06, 154 A.2d 845, 848–49 (1959) (under state rule requiring the "parties" to agree in writing to juries of less than 12, oral consent by counsel to less than full jury sufficient where defendant was present and made no objection), *cert. denied*, 31 N.J. 295, 157 A.2d 364 (1960). *But see State v. Roland*, 15 Kan.App.2d 296, 807 P.2d 705 (1991). *See generally*, Annot., *Sufficiency of waiver of full jury*, 93 A.L.R.2d 410–32 (1964); Annot., *Sufficiency of waiver of full jury*, 93 A.L.R.2d Later Case Service 410–32 (1983, 1991 Cum.Supp.). In several of the cases cited above, the defendant was present in the courtroom and remained

silent when defense counsel stipulated to a jury of less than 12. In the case at bar, although Kenney was not present at the bench conference when his attorney stipulated to the 11–person jury, he raised no objection when that jury returned its verdicts. Furthermore, he does not argue on appeal that he had not in fact consented to proceeding with an 11–person jury. Kenney only objects because he was not physically present at the time his attorney reported his wishes to the court. That fact alone does not demonstrate that Kenney had not consented to the 11–person jury reaching verdicts on the charges against him.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT FOR DETERMINATION OF THOSE ISSUES NOT YET RESOLVED BY THAT COURT; COSTS IN THIS COURT TO BE PAID BY RESPONDENT.