**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Abdul Aziz AHMAD, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Abdul Aziz AHMAD, Defendant–Appellee.**

**Nos. 91–10224, 91–10230.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1992.

Decided Sept. 9, 1992.

Michael B. Bernays, Allen, Kimerer & Lavelle, Phoenix, Ariz., for defendant-appellant-cross-appellee.

Mark E. Aspey and Janet Lynne Ruth, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee-cross-appellant.

Before: ALARCON, HALL, and KLEINFELD, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Abdul Aziz Ahmad appeals his conviction on five counts of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A), one count of making false statements in violation of 18 U.S.C. § 1001, two counts of illegally exporting computer hardware in violation of 22 U.S.C. § 2778 and 50 U.S.C.App. § 2410(b), and one count of conspiracy to commit these crimes in violation of 18 U.S.C. § 371. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I

On April 10, 1990, Ahmad went to trial on a total of eleven counts of exporting and attempting to export computer equipment in violation of the Arms Export Control Act and the Export Administration Act, making false statements to government officials, laundering money, and conspiracy. On April 27, over two weeks into the trial, juror Robert Dionisio informed the court that he had plans to leave on a family vacation on May 2. At the time, the court and the parties believed that the trial would end soon enough to avoid a conflict. But the trial did not end as soon as expected; the jury did not begin deliberating until May 1.

That evening, counsel met with the court to discuss what should be done if the jury had not completed its deliberations before Dionisio had to leave for the airport. All parties agreed that if a conflict arose, it would be appropriate for the court to exercise its discretion, pursuant to Fed. R.Crim.P. 23(b), to excuse Dionisio from the jury. The next morning, the foreman informed the court that Dionisio needed to leave for the airport by 11:30 a.m. At a meeting with counsel, the court determined that it would be better to excuse Dionisio than risk the jury rushing to reach a verdict so that Dionisio would not miss his flight. Because defense counsel did not object to the court exercising its discretion under Rule 23(b), Dionisio was excused. Later that day, the remaining eleven jurors returned a verdict of guilty on all eleven counts. Ahmad was not present at either the May 1 or the May 2 conference.

II

We first consider the constitutionality of Fed.R.Crim.P. 23(b). Ahmad argues that "[t]o the extent Rule 23(b) purports to confer discretion in the trial court to order a jury of less than twelve without the Defendant's consent," it violates the Sixth Amendment. In *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court unequivocally held that a "12–man panel is not a necessary ingredient of 'trial by jury'" under the Sixth Amendment. *Id.* at 86, 90 S.Ct. at 1898. We join the other circuits that have held that *Williams* commands the conclusion that Rule 23(b) is constitutionally valid. *See, e.g., United States v. Smith*, 789 F.2d 196, 204–05 (3d Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986); *United States v. Stratton*, 779 F.2d 820, 830–835 (2d Cir.1985), *cert. denied*, 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986).

## III

Ahmad next argues that the district court abused its discretion in finding "just cause" to dismiss Juror Dionisio under Rule 23(b). We conclude that the error, if any, was invited by defense counsel. On the evening of May 1, 1990, defense counsel and the government agreed that if Dionisio's vacation plans conflicted with the jury's deliberations, neither party would object to the court exercising its discretion to excuse Dionisio. At the May 2 meeting, the government stated its view that the twelve-person jury should be permitted to deliberate as long as possible, and twice objected to the court excusing the juror. Defense counsel, on the other hand, expressed his concern that the government's proposed course of action would cause the jury to rush to a verdict, and twice stated that he had no objection to the court exercising its discretion.

Under circumstances in which the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action, we will regard any error as having been caused by the actions of defense counsel, and review the error under the doctrine of invited error. *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir.1991). An invited error is only cause for reversal in the " 'exceptional situation' " in which it is "necessary to preserve the integrity of the judicial process or prevent a miscarriage of justice." *Id.* (quoting *Guam v. Alvarez*, 763 F.2d 1036, 1038 (9th Cir.1985)). Ahmad has not, and could not, make a showing that this is one of those exceptional situations.

## IV

Finally, Ahmad argues that by exercising its discretion under Rule 23(b) outside Ahmad's presence, the court violated Ahmad's rights under the Due Process Clause of the Fifth Amendment, the Confrontation Clause of the Sixth Amendment, and Fed.R.Crim.P. 43. The government concedes, and we will therefore assume without deciding, that the conference at which the court decided to dismiss the twelfth juror was a "stage of trial" at which Ahmad had a right to be present under Rule 43 and the Constitution.

We do not know why Ahmad was not present at the conference. The record before us gives no indication of whether Ahmad knew of the conference, and, if so, whether he voluntarily absented himself from it. Consequently, our analysis is not controlled by *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985), in which those considerations were central to the Supreme Court's determination that the defendant had waived his right to raise a Rule 43 objection on appeal. Nevertheless, because Ahmad's attorney failed to object to Ahmad's absence from the conference, we review his absence for plain error. *See United States v. Sherman*, 821 F.2d 1337, 1338 (9th Cir.1987) (reviewing alleged Rule 43 violation for plain error). "A plain error is a highly prejudicial error affecting substantial rights." *United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir.1986).

We conclude that Ahmad's absence did not constitute plain error. Ahmad has offered us no reason to believe that had he been present, he would have objected to Dionisio's dismissal. Indeed, it seems quite unlikely that he would have. When asked at oral argument why Ahmad did not object to the size of the jury at the time the verdict was delivered, Ahmad's counsel explained that Ahmad was unfamiliar with his right to a twelve person jury. Yet counsel would like us to believe that Ahmad would have argued vigorously to protect this right had he been present at conference. Furthermore, the record demonstrates that the court rejected the government's request to proceed with twelve jurors because it feared that the jury would rush to a verdict in order to accommodate Dionisio's vacation plans. Ahmad has given us no reason to conclude that if he had requested a jury of twelve, the court would have risked an ill-considered verdict or declared a mistrial. Finally, given the strength of the evidence against Ahmad, and the swiftness with which the jury returned its verdict, there is no reason to

believe that the verdict would have been different if either Dionisio had been on the jury, or a different jury had heard the case.

AFFIRMED.