2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy J. DUPUY, Defendant-Appellant.
 No. 92-10491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1993.
Decided July 7, 1993.
 
 Before GOODWIN, Senior Circuit Judge, and NORRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dupuy challenges his conviction following a jury trial on the ground that his rights under the Confrontation Clause and Fed.R.Crim.P. 15(b) were violated by the admission of a foreign deposition of the complaining witness.
 
 
 3
 The government first argues that we do not have jurisdiction over the appeal because the notice of appeal was untimely. Judgment was entered against appellant on July 13, 1992. Even though Dupuy requested his attorney to file a notice of appeal, the attorney did not do so until 21 days after the entry of judgment. Fed.R.App.P. 4(b) requires that a notice of appeal be filed within 10 days of the entry of judgment, but allows for an extension of an additional 30 days upon a showing of excusable neglect. Because appellant "did all that he could do to file a timely notice of appeal under the circumstances," the district court did not abuse its discretion in finding excusable neglect for the defendant's late filing of the notice of appeal. United States v. Houser, 804 F.2d 565, 569 (9th Cir.1986).
 
 
 4
 Dupuy contends that his rights under the Confrontation Clause and Fed.R.Crim.P. 15(b) were violated by the admission of a foreign deposition of the complaining witness. Dupuy was not present at the deposition, though his attorney was. His attorney cross-examined the witness at the deposition.
 
 
 5
 We agree with the government that Dupuy's failure to object to the admission of the deposition at trial constituted a waiver of his right to complain of any Rule 15(b) or Confrontation Clause violation. Admission of the deposition in the absence of objection was not plain error. " 'A plain error is a highly prejudicial error affecting substantial rights.' " United States v. Ahmad, 974 F.2d 1163, 1165 (9th Cir.1992) (quoting United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986). Given the fact that Dupuy's counsel did cross-examine the witness, there was no plain error in the district court's failure to rule sua sponte that there was a Rule 15(b) violation or Confrontation Clause violation. Thus, even if there was a violation, admission of the deposition under the circumstances was not so "particularly egregious" as to constitute plain error. United States v. Young, 470 U.S. 1, 15 (1985).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3