21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tony Lynn DAVIS, Petitioner-Appellant,
v.
Ron CHAMPION and Attorney General for the State of Oklahoma,
Respondents-Appellees.
 No. 93-5170.
 United States Court of Appeals,
Tenth Circuit.
 April 26, 1994.
 
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner Tony Lynn Davis appeals the district court's denial of his petition for writ of habeas corpus. Mr. Davis was convicted in Tulsa County District Court of willful injury to a minor child and second degree murder. Mr. Davis' conviction was upheld by the Oklahoma Court of Criminal Appeals, Davis v. State, 759 P.2d 1033 (Okla.Crim.App.1988), appeal dismissed and cert. denied, 488 U.S. 999 (1989), and applications for state post-conviction relief were denied. Petitioner then filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. After conducting an evidentiary hearing, the district court denied the petition. We affirm.
 Mr. Davis presented four issues in his habeas petition:
 (1) insufficiency of the evidence to convict him;
 (2) violation of his rights to due process and trial by jury when he did not personally waive his right to a twelve-person jury;
 (3) ineffective assistance of counsel; and
 (4) insufficiency of the information.
 Because Mr. Davis did not raise claims 1 and 4 on direct appeal, the district court concluded that he had procedurally defaulted on those claims. See Osborn v. Shillinger, 861 F.2d 612, 622 (10th Cir.1988). It further concluded that Mr. Davis had not shown cause for the default and could therefore prevail only by showing that a fundamental miscarriage of justice would result from the denial of habeas relief. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). The district court thoroughly reviewed Mr. Davis' contentions on claims 1 and 4 and concluded he had failed to demonstrate that a fundamental miscarriage of justice would occur if habeas relief were denied. We affirm this conclusion for substantially the reasons stated by the district court.
 
 
 1
 The basis for Mr. Davis' due process claim that he was improperly denied his right to a twelve-person jury stems from an incident during trial. While the jury was deliberating, one of the jurors began choking. The foreman of the jury, knowing that Mr. Davis was a CPR instructor, rushed from the jury room and yelled for Mr. Davis to help. Both Mr. Davis and his mother entered the jury room and aided in the juror's rescue. The juror was then taken to a local hospital. According to Mr. Davis' trial counsel, the judge then convened a meeting with the attorneys where he indicated that a mistrial would be granted if any of the defendants requested one, and where the attorneys and the judge discussed the possibility of going forward with eleven jurors. In a later conference in chambers, Mr. Davis' attorney, formally and on the record, waived his client's right to a twelve-person jury. Mr. Davis was not present at this conference, but he was in court later when the judge announced the intention of the parties to proceed with eleven jurors. Mr. Davis maintains that he did not consent to an eleven-person jury and would not have consented had he been given the opportunity.
 
 
 2
 The district court held an evidentiary hearing to examine Mr.Davis' contention that he was denied due process when he was not consulted before his attorney's waiver of a twelve-person jury. After the hearing, the court concluded that Mr. Davis had consented to his attorney's waiver of a twelve-person jury. It therefore dismissed the habeas petition. We agree that Mr. Davis' jury waiver claim is not a basis for habeas relief, although our analysis differs from that of the district court.
 
 
 3
 "Our review of a petition for habeas corpus is confined to alleged denials of federal constitutional rights." Tapia v. Tansy, 926 F.2d 1554, 1556 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). Relying on Patton v. United States, 281 U.S. 276 (1930), the district court implicitly concluded that there is a federal constitutional right to a twelve-person jury. Patton dealt with a situation similar to the one present here: defendant's counsel waived objection to an eleven-person jury after the twelfth juror had become ill and unable to continue. In holding that the defendant could waive his right to a twelve-person jury, the Court stated: "before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." Id. at 312. While the language of Patton can be read to find a federal constitutional right to a twelve-person jury, the Supreme Court's later holding in Williams v. Florida, 399 U.S. 78 (1970), significantly undercuts that reading of Patton.[2] In Williams, the Court held that the Sixth Amendment does not mandate twelve-person juries. Williams, 399 U.S. at 102-03. In so doing, the Court examined the historical roots of the twelve-person jury and criticized Patton as an example of the Court's previous "willingness to re-examine earlier assertions about the nature of 'jury trial' in almost every respect except the 12-man-jury requirement." Id. at 92 n. 30. The Court in Williams concluded that in analyzing the various aspects of the right to trial by jury, "[t]he relevant inquiry, as we see it, must be the function that the particular feature performs and its relation to the purposes of the jury trial. Measured by this standard, the 12-man requirement cannot be regarded as an indispensable component of the Sixth Amendment." Id. at 99-100. Thus, Mr. Davis had no federal constitutional right to a twelve-person jury in his state criminal trial. See Mendrano v. Smith, 797 F.2d 1538, 1542 (10th Cir.1986); Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir.1981), cert. denied, 455 U.S. 1026 (1982); United States ex rel. Burnett v. Illinois, 619 F.2d 668, 669 (7th Cir.), cert. denied, 449 U.S. 880 (1980).[3]
 
 
 4
 While Mr. Davis did not have a federal right to a twelve-person jury, he did have such a right under the provisions of the Oklahoma constitution. Okla. Const., art. II, 19. In general, however, "[a] federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). For the denial of a state-based right to support the issuance of a writ of habeas corpus the petitioner must show that the denial was arbitrary, unprincipled, unreasonable and with "so little basis in law and fact as to constitute a denial of due process." United States ex rel. Burnett, 619 F.2d at 670; see also Holcomb v. Murphy, 701 F.2d 1307, 1309 (10th Cir.) (state court trial error properly considered in federal habeas only where the "error renders the trial so fundamentally unfair as to deprive the petitioner of federal constitutional rights"), cert. denied, 463 U.S. 1211 (1983).
 
 
 5
 In Hayes v. Oklahoma, 541 P.2d 210, 212 (Okla.Crim.App.1975), the court observed that there is a
 
 
 6
 category of cases where counsel in open court and in the absence of the accused waives trial by jury on behalf of the accused. This situation may raise a presumption of a valid waiver and will be so held unless the accused presents evidence to show that he either did not authorize or consent to counsel's waiver or evidence that he did not ratify the waiver in any manner. If the defendant presents such evidence, then a rebuttable presumption arises that the defendant did not waive trial by jury. The State then can only rebut this presumption if the evidence from the record affirmatively and overwhelmingly shows the defendant consented, authorized or ratified counsel's waiver upon his behalf.
 
 
 7
 After the evidentiary hearing, the district court found that defendant had consented to the waiver before his attorney entered it on the record, and that when the trial judge announced in open court the parties' intention to proceed with eleven jurors, Mr. Davis did not object. We have reviewed these factual findings and do not find them clearly erroneous. See United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992).
 
 
 8
 Because Oklahoma law, as stated above, recognizes a valid waiver of a twelve-person jury under facts similar to this case, the procedure used by the trial court could not have been an error of state law sufficiently egregious to amount to a denial of due process.[4] Thus, we conclude that any irregularity in Mr. Davis' waiver of his state right to a twelve-person jury did not reach constitutional dimension.[5] Because Mr. Davis' claim of ineffective assistance of counsel relies solely on his attorney's role in agreeing to an eleven-person jury, that claim is similarly without constitutional implication.[6]
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Indeed, the Fifth Circuit has noted that Williams may have overruled Patton sub silentio. United States v. Spiegel, 604 F.2d 961, 965 n. 9 (5th Cir.1979), cert. denied, 446 U.S. 935 (1980)
 
 
 [3]
 The cases cited by the district court, while involving waiver of the right to a twelve-person jury, are distinguishable. Some are cases in which the right, as here, emanates from state law. See, e.g., State v. Roland, 807 P.2d 705, 707 (Kan.App.1991); State v. Lutz, 760 P.2d 249, 251 (Or.1988); State v. Reid, 747 P.2d 560, 563 (Ariz.1987); Walker v. Alaska, 578 P.2d 1388, 1390 (Alaska 1978). Others are direct appeals from convictions in federal district courts where the Federal Rules of Criminal Procedure dictate twelve-person juries and specify how that right is to be waived, see Fed.R.Crim.P. 23, and how alternate jurors are to be used, see Fed.R.Crim.P. 24(c). See, e.g., United States v. Neal, 692 F.2d 1296, 1307-08 (10th Cir.1982); United States v. Taylor, 498 F.2d 390, 392 (6th Cir.1974); United States v. Baccari, 489 F.2d 274, 275 (10th Cir.1973), cert. denied, 417 U.S. 914 (1974); Leser v. United States, 358 F.2d 313, 316-17 (9th Cir.), cert. dismissed, 385 U.S. 802 (1966)
 The only case cited by the district court involving a 2254 petition which implies a federal right to a twelve-person jury is Peek v. Kemp, 746 P.2d 672 (11th Cir.1984), which was vacated at 746 F.2d 699 (1984). As noted by the district court, the opinion on rehearing at 784 F.2d 479 does not address the waiver issue.
 Three other 2254 cases cited by the district court hold, correctly, that there is no federal constitutional right to a twelve-person jury. See Vinston v. Lockhart, 850 F.2d 420, 424 (8th Cir.1988); Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir.1981), cert. denied, 455 U.S. 1026 (1982); United States ex rel. Burnett v. Illinois, 619 F.2d 668, 669 (7th Cir.), cert. denied, 449 U.S. 880 (1980).
 
 
 [4]
 While we agree with Mr. Davis that a better procedure would be to secure a written waiver from a defendant, or at least to require a defendant to indicate his intent to waive on the record, the federal Constitution does not require such a procedure regarding this state right. See United States ex rel. Burnett, 619 F.2d at 671
 
 
 [5]
 As an analogy, we note that, under the circumstances of this case, Fed.R.Crim.P. 23(b) allows a federal district court judge, without stipulation of the parties and in his or her discretion, to excuse a juror for just cause and accept a verdict by the remaining eleven jurors. Fed.R.Civ.P. 23(b). This section of Rule 23 has been held constitutional by numerous courts. United States v. Ahmad, 974 F.2d 1163, 1164 (9th Cir.1992)(citing cases)
 
 
 [6]
 Mr. Davis' claim of ineffective assistance of counsel is based solely on his counsel's role in waiving the twelve-person jury; this claim was not raised on direct appeal. We do not address the complexities of the exhaustion and procedural bar issues, however, because the claim is wholly without merit. Cf. Granberry v. Greer, 481 U.S. 129, 131, 135 (1987)(failure to exhaust does not preclude consideration of merits when no colorable federal claim is raised); Cain v. Redman, 947 F.2d 817, 820 (6th Cir.1991)(unresolved issues of exhaustion and procedural default need not be addressed when federal constitutional claim is meritless), cert. denied, 112 S.Ct. 1299 (1992)