**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald R. FORD, Jr., Defendant—
Appellant.**

No. 07–50029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed March 5, 2008.

Wardlaw, Circuit Judge, filed concurring opinion.

Jennifer T. Manion, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Maxine I. Dobro, Esq., Law Offices of Anthony E. Colombo Jr. The Senator Bldg., San Diego, CA, Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Defendant–Appellant.

Before: THOMPSON and WARDLAW, Circuit Judges, and REED,* Senior District Judge.

## MEMORANDUM **

Ronald R. Ford, Jr. ("Ford") appeals his 12–count conviction related to two incidents in which he was apprehended bringing undocumented persons from Mexico into the United States. Counts 1–4 charged Ford with bringing illegal aliens into the country without presentation, and with aiding and abetting, in violation of Title 8, United States Code, section 1324(a)(2)(B)(iii) ("section 1324(a)(2)(B)(iii)") and Title 18, United States Code, section 2 ("section 2"), in connection with his apprehension on January 11, 2006. Counts 5–12 related to Ford's January 14, 2006 arrest, and charged Ford with bringing in illegal aliens for financial gain, and aiding and abetting, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) ("section 1324(a)(2)(B)(ii)") and section 2 (Counts 5, 7, 9, and 11), and bringing in illegal aliens without presentation and aiding and abetting in violation of section 1324(a)(2)(B)(iii) and section 2 (Counts 6, 8, 10, and 12).

Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.

## I. *Ford's Motion for Judgment of Acquittal on Counts 1–4*

Ford argues that the district court erred in denying his motion for judgment of acquittal on Counts 1–4, because, he argues, there was "insufficient evidence the persons brought into the United States were aliens or were the persons named in the indictment."

### Standard of Review

Because Ford failed to renew his motion for judgment of acquittal at the close of evidence we review "only to prevent a manifest miscarriage of justice, or for plain error." *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201 (9th Cir.2000). "If any rational trier of fact could have found the evidence sufficient, we must affirm." *Id.*

### Discussion

■ To establish a violation of section 1324(a)(2)(B)(iii), the government was required to show, *inter alia*, that the four people found in Ford's vehicle were aliens who did not have prior authorization to enter or reside in the United States. *See* 8 U.S.C. § 1324(a)(2). The government proved this through circumstantial evidence. *See United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir.2002) (finding evidence sufficient for a jury to conclude, beyond a reasonable doubt, that the defendant violated 8 U.S.C. § 1324(a)(1)(A)(iv) because, "[a]lthough the government's case consisted of largely circumstantial evidence and required the jury to make reasonable inferences, circumstantial evidence can form a sufficient basis for conviction.").

We have reviewed the circumstantial evidence presented by the government and, drawing "all reasonable inferences . . . in [its] favor" we conclude that a "rational trier of fact could have found the evidence sufficient" to establish, beyond a reasonable doubt, that the four individuals found in the back of Ford's car on January 11, 2006, were aliens without permission to enter the United States. *See Alvarez–Valenzuela*, 231 F.3d at 1201–02.

■ Ford also argues that there was insufficient evidence that the persons brought into the United States were the persons named in Counts 1–4. We disagree. The government was not required to prove the actual names of the smuggled aliens, only that the individuals were aliens without permission to enter the United States. *See* 8 U.S.C. § 1324(a)(2). The district court received Ford's attorney's specific approval prior to the addition of the names on each count of the jury form. The addition of the individual names to the jury form was not such an "exceptional situation" that reversal is necessary in order to "preserve the integrity of the judicial process or prevent a miscarriage of justice." *United States v. Ahmad*, 974 F.2d 1163, 1165 (9th Cir.1992) (reviewing alleged error of district court under doctrine of invited error when defense counsel specifically approved course of action taken by court).

Accordingly, we AFFIRM the district court's denial of Ford's motion for judgment of acquittal on Counts 1–4.

## II. *Duress*

Ford argues the district court erred in declining to instruct the jury on the defense of duress.

### Standard of Review

"Where the parties dispute whether the evidence supports a proposed instruction, we review a district court's rejection of the instruction for an abuse of discretion."

*United States v. Bello–Bahena,* 411 F.3d 1083, 1089 (9th Cir.2005).

*Discussion*

■ "A defendant is not entitled to a duress instruction unless he establishes a prima facie case of three elements: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm." *United States v. Becerra,* 992 F.2d 960, 964 (9th Cir.1993); *see also United States v. Jennell,* 749 F.2d 1302, 1305 (9th Cir.1984).

The district court properly found that Ford did not meet the element of immediacy because there was no evidence that the alleged "threat of injury was present, immediate, or impending. [A] veiled threat of future unspecified harm will not satisfy this requirement." *United States v. Contento–Pachon,* 723 F.2d 691, 694 (9th Cir. 1984) (internal quotation marks omitted). The district court also properly found that Ford's alleged fear was not well-grounded, explaining that "there is no evidence to indicate that there was any ability to immediately carry out a threat." Finally, the district court properly found that Ford did not show he had no reasonable opportunity to escape. *See Jennell,* 749 F.2d at 1306.

The district court did not abuse its discretion in determining that Ford did not establish a prima facie case of duress. Accordingly, he was not entitled to a jury instruction on that defense.

*III.  Answer to Jury Question*

■ Ford argues the district court erred when, in response to a jury question about the relevance of Ford's mental condition, the court explained that "[i]f the jury concludes the government has proven each element of a count and finds Mr. Ford guilty of one or more offenses, then the Court may consider mental health and other related matters at the time of sentencing." Ford contends that this statement was inaccurate and misleading because "[t]he jury was left with the impression that any sentence Mr. Ford might receive would be reduced because of his mental health," and the jury was not aware that Ford would be subject to a mandatory minimum sentence if convicted.

*Standard of Review*

Because Ford did not object to, but rather explicitly approved, the district court's answer to the jury's question, we review for plain error. *See United States v. Fagan,* 996 F.2d 1009, 1016 (9th Cir. 1993). "An error is [among other considerations] plain if it is contrary to the law at the time of appeal. . . ." *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

*Discussion*

Notwithstanding the applicability of the mandatory minimum sentence, the district court could consider Ford's mental condition at the time of sentencing. The court lacked discretion to depart below the statutory mandatory minimum, but had discretion to impose a sentence *higher* than the mandatory minimum, so long as it did not exceed the statutory maximum. *See* U.S.S.G. § 5G1.1. In determining whether or not to impose a sentence higher than the mandatory minimum, the district court was free to consider, and in fact did consider, the defendant's mental condition. *See* 18 U.S.C. § 3553(a), U.S.S.G. § 5k2.13; *Ameline,* 409 F.3d at 1093.

Because the district court's answer to the jury's question was not "contrary to the law," there was no error. *Ameline,*

409 F.3d at 1078; *see also Fagan*, 996 F.2d at 1016.

**AFFIRMED.**

WARDLAW, Circuit Judge, concurring.

I concur in the disposition. I write separately to note that although the only defense pursued by trial counsel was that of duress, given Ford's history of brain injury and psychological issues, counsel's failure to argue other available defenses is troubling.