473 A.2d 67

**Laruell CRUM**

v.

**STATE of Maryland.**

**Post Conviction No. 185, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

April 5, 1984.

Certiorari Denied Aug. 20, 1984.

Laruell Crum, pro se.

Stephen H. Sachs, Atty. Gen. with whom was Kurt L. Schmoke, State's Atty. for Baltimore City, for respondent.

Submitted before WEANT, GETTY and BELL, JJ.

GETTY, Judge.

In his third petition for post conviction relief, Laruell Crum requested that he be given an evidentiary hearing in order to focus the court's attention on issues that Crum alleges entitle him to be released. On November 8, 1983, in the Circuit Court for Baltimore City, Judge John Hargrove denied the petition. Petitioner seeks leave to appeal.

We have not previously considered the issue of the right to a hearing in subsequent post conviction proceedings that have arisen since the amendment to Article 27, § 645A of

the Maryland Code, effective July 1, 1983.[1]  A brief review of the earlier rules and code provisions is in order.

By Chapter 429 of the Laws of Maryland, 1959, the Legislature added § 645H to Article 27 of the Code.  This amendment to the recently enacted (1958) post conviction statute authorized the court to dismiss a subsequent petition without a hearing if the grounds for relief could have been raised in the prior petition.  This section, 645H, was repealed by Chapter 442 of the Laws of 1965.

In 1961 the Court of Appeals adopted Rule BK48 which also granted trial judges the right to dismiss subsequent post conviction hearings without granting the petitioner a hearing unless the court decided that the allegations of error could not reasonably have been included in prior petitions for relief.  Effective September 1, 1967, Rule BK48 was amended because of the inconsistency between the Rule and the 1965 statutory standard, Art. 27, § 645A(c).[2]  The amended Rule BK48 makes no provisions for the granting of hearings.  As a result, since September 1, 1967, we have no legislative enactment or rule of procedure granting or denying hearings on subsequent post conviction cases.[3]

Case law interpreting the various statutes and rules relating to hearings on subsequent post conviction proceedings is set forth in *Jones v. Warden,* 2 Md.App. 343, 234 A.2d 472 (1967).  Noting the repeal of Sec. 645H and the revision of Rule BK48, we said:

---

1.  The 1983 amendment added subsection (f).
    (f) Right to counsel and hearing—A petitioner is entitled to the assistance of counsel and a hearing on the first petition filed by the petitioner under this section.  The court shall determine if assistance of counsel or a hearing should be granted on subsequent petitions filed by a petitioner.

2.  The statute provided that an allegation of error shall not be deemed waived unless a petitioner "intelligently and knowingly" failed to make such allegation at trial, on appeal, or in subsequent proceedings brought to secure post conviction relief.

3.  From September 1, 1967 until June 30, 1983 the only authority for a post conviction hearing was Rule BK44 relating to initial hearings.

Until further clarification on the point is provided, either by Rule or legislation, governing the necessity for appointment of counsel on a subsequent post conviction petition and for holding a hearing thereon, no such appointment or hearing is required under the existing provisions of the Rules or of the Act, where the subsequent petition, on its face, fails to set forth allegations showing special circumstances tending to rebut the statutory presumption of waiver created by Sec. 645A(c).

We are unaware of any reported decisions dealing with the issue of "special circumstances."

The Legislature, effective July 1, 1983, has expressly authorized hearings on subsequent post conviction petitions through the addition of paragraph (f) to Art. 27, § 645A. The second sentence of subsection (f) requires the court to make a determination as to the necessity for:

1. counsel, or
2. a hearing on subsequent petitions.

Since the hearing judge is vested with the discretion to grant a hearing or appoint counsel, it seems clear to us that an applicant, seeking leave to appeal from a denial of either a hearing or appointment of counsel, may allege an abuse of discretion on the part of the hearing judge in denying the relief sought. Where an appeal is granted, we will be required to review the matter of discretion properly exercised or abused. We may no longer deny a request for a hearing upon the general assumption that no such right exists.

The Legislature has not provided any standard by which a trial court's decision regarding the granting or refusal to grant a subsequent hearing is to be measured. In *Colter v. State,* 297 Md. 423, 426–427, 466 A.2d 1286 (1983), the Court of Appeals observed that " 'judicial discretion' means that power of decision exercised to the necessary end of awarding justice and based upon reason and law, but for which decision there is no special governing statute or rule." Because the Legislature did not provide any standard by

which to measure a trial judge's decision regarding the granting or refusal to grant a second post conviction hearing, we think that such decisions must fall within a trial judge's discretionary authority. It has been said that discretion is properly exercised if a trial judge makes his ruling based on "all the considerations which properly enter into the problem." *Mathias v. State,* 284 Md. 22, 394 A.2d 292 (1978), quoting from *Lee v. State,* 161 Md. 430, 157 A. 723 (1930). A discretionary ruling is presumed to be correct unless either it is shown to be certainly wrong or "evidence of greater persuasion" favoring a different ruling is established. *Weiner v. State,* 55 Md.App. 548, 464 A.2d 1096 (1983).

The petitioner herein has raised the issue of inadequacy of counsel at his first post conviction proceeding. He alleges that the numerous issues he desired to raise were not raised, because his appointed counsel did not contact him prior to trial. Assuming the truth of this allegation, petitioner, as Judge Hargrove found, offers no reason why the issues were not raised in his second post conviction petition. We hold, therefore, that the trial judge did not abuse his discretion in denying petitioner's request for a hearing.

APPLICATION FOR LEAVE TO APPEAL DENIED.