564 A.2d 72

**Gregory McCLOUD**

v.

**STATE of Maryland.**

**No. 18, Sept. Term, 1989.**

Court of Appeals of Maryland.

Oct. 6, 1989.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ADKINS, Judge.

Before us is a criminal case in which a plea of lack of criminal responsibility was filed. We are asked to decide whether the Circuit Court for Prince George's County erred when it refused to allow the defense to make the concluding argument to the jury on that issue. The same question was raised in *Erdman v. State,* 315 Md. 46, 59–60, 553 A.2d 244, 250–251 (1989), and *Treece v. State,* 313 Md. 665, 683–687, 547 A.2d 1054, 1063–1065 (1988), but we reached it in neither case. We address it now and hold that, under the circumstances of this case, the trial court erred when it rejected defense counsel's request to argue last on the question of criminal responsibility.

### I.

On 22 September 1985, petitioner, Gregory McCloud (McCloud), broke into a building that was being prepared for use as a day care center and raped a woman therein. Charged with various offenses based on this incident, McCloud filed pleas of not guilty and not criminally responsible. Maryland Code (1982, 1988 Cum.Supp.), § 12–109 of the Health–Gen. Art.; Md.Rule 4–242(a). After several evaluations of both his competency to stand trial and his criminal responsibility, McCloud eventually was found competent to stand trial. His jury trial in the Circuit Court for Prince George's County (Woods, J., presiding) began on 20 July 1987. The victim testified; her testimony was supported by police and other witnesses. McCloud's counsel did not cross-examine the victim at all; cross-examination of other prosecution witnesses was, for the most part, limited to questions designed to elicit evidence of eccentric and irrational behavior on McCloud's part. When the State rested, defense counsel announced that "based on the evi-

dence that has been submitted in this case ... it would be frivolous to make motions for judgment of acquittal...."

McCloud did not testify on his own behalf. Indeed, the defense presented no evidence whatsoever to contradict the facts of the criminal episode, as recounted by the State's witnesses. McCloud's mother explained that her son had been shot sometime before 22 September 1985, and that since the shooting, he had behaved violently and strangely. Another witness testified about McCloud's bizarre conduct while he was incarcerated pending trial. The bulk of the defense case consisted of the testimony of two psychiatrists, both of whom opined that the defendant was not criminally responsible.

The State's rebuttal consisted solely of the testimony of another psychiatrist, who explained at length why he believed McCloud to be criminally responsible. Judge Woods instructed the jury on the issues involved in both guilt or innocence and in criminal responsibility. As to the former, he made it clear that it was the State's burden to prove guilt beyond a reasonable doubt. As to the latter, he explained that the defense was required to demonstrate lack of criminal responsibility by a preponderance of the evidence. At the conclusion of the instructions, defense counsel asked that he "be allowed to rebut the State and go last on my rebuttal presentation limited to the issue of criminal responsibility, having had the burden of proof placed upon me on behalf of the Defendant." The judge rejected the motion:

> That's an interesting argument and I think one that has a lot of merit. However, I'm not going to venture into that yet. I'm going to allow the State to open and close and I'll deny your request.

The jury convicted McCloud of second degree rape and storehouse breaking; it found him criminally responsible. Sentenced to a total of 20 years of imprisonment, he appealed to the Court of Special Appeals, which affirmed. *McCloud v. State*, 77 Md.App. 528, 551 A.2d 151 (1989).

## II.

When the Court of Special Appeals rejected McCloud's contention that he should have been allowed to argue last on the issue of criminal responsibility, it relied on its decisions in *Erdman v. State,* 75 Md.App. 560, 579, 542 A.2d 399, 408 (1988), *rev'd on other grounds,* 315 Md. 46, 553 A.2d 244 (1989), and *Treece v. State,* 72 Md.App. 644, 661, 532 A.2d 175, 183 (1987), *rev'd on other grounds,* 313 Md. 665, 547 A.2d 1054 (1988). Quoting its *Treece,* the intermediate appellate court reasoned that "[b]ecause the State at all times carries the burden of proving guilt beyond a reasonable doubt, it is entitled to final argument." *McCloud,* 77 Md.App. at 533, 551 A.2d at 154.

There is no question that in a criminal case, including one in which a plea of not criminally responsible has been interposed, the State bears the burden of proving guilt beyond a reasonable doubt. *Hoey v. State,* 311 Md. 473, 491, 536 A.2d 622, 630 (1988). There is no question that, as a general rule, the party having the affirmative of an issue is entitled to open and close in argument to the jury. *Harris v. State,* 312 Md. 225, 255, 539 A.2d 637, 652 (1988). The difficulty is that on the issue of criminal responsibility, unlike that of guilt, the *defense* has the affirmative of the issue. On that issue, "the burdens of pleading, producing evidence, and persuading the fact-finder that criminal punishment should not be imposed are all borne by the defendant." *Treece,* 313 Md. at 684–685, 547 A.2d at 1064. It is the defendant who "must prove lack of criminal responsibility by a preponderance of the evidence." *Id.* at 686, 547 A.2d at 1064.[1]

---

1. At one time when lack of criminal responsibility (then referred to as "insanity") was at issue, it was the State's burden to prove "sanity," as well as guilt beyond a reasonable doubt. *Anderson v. Dept. of Health & Mental Hygiene,* 310 Md. 217, 220, 528 A.2d 904, 906 (1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1088, 99 L.Ed.2d 247 (1988). The statutory scheme was substantially changed by Ch. 501, Acts of 1984, and held constitutional (with respect to the newly allocated burden of proof) in *Hoey v. State,* 311 Md. 473, 536 A.2d 622 (1988). *Anderson*

Moreover, the facts relating to guilt or innocence, on the one hand, and to criminal responsibility or lack thereof, on the other, may often be quite distinct, unrelated, and provable through different witnesses. And the finding as to each may lead to very different disposition tracks: for example, indefinite commitment in the case of verdicts of guilty but not criminally responsible, as opposed to a fixed sentence of some sort in the event of an verdicts of guilty and criminally responsible. *Treece*, 313 Md. at 686, 547 A.2d at 1065.

Because of the potential factual severability of these issues (as well as their legal severability), we concluded in *Treece* that under the present statutory provisions a trial court has discretion, in appropriate circumstances, to order bifurcated proceedings in a criminal case in which the issue of criminal responsibility is raised. *Id.* at 685–687, 547 A.2d at 1064–1065. Bifurcation is now governed by new Rule 4–314.[2] But even absent the new rule, the divisible nature

---

includes a scholarly tracing of the history of the present provision. 310 Md. at 220–222, 528 A.2d at 906–907.

**2.** As indicated, in *Treece v. State,* 313 Md. 665, 687, 547 A.2d 1054, 1065 (1988), we noted the desirability, "in appropriate circumstances," of separating trial of the issues of guilt/innocence and criminal responsibility when the latter is at issue. We referred "the bifurcation issue to our Standing Committee on Rules of Practice and Procedure for a prompt report." *Id.* The Rules Committee proposed, and on 28 June 1989 we adopted, new Rule 4–314, effective 1 July 1989. 16:14 Md.R. 1533 (14 July 1989).

Rule 4–314 permits a bifurcated trial of the guilt/innocence and criminal responsibility issues in certain circumstances. Rule 4–314(a). When bifurcation occurs, the defense ordinarily opens and closes argument on the issue of criminal responsibility. Rule 4–314(b)(6)(B). Absent bifurcation, "[i]f the State makes a rebuttal argument on the issue of criminal responsibility, the defendant may make a surrebuttal argument limited to that issue." Rule 4–314(c)(4). As we shall see, in this case the State did make a rebuttal or closing argument limited to the responsibility issue. Under the new rule, the defense would have been entitled to surrebut. As we also shall see, the same result follows under the circumstances of this case, even in the absence of the rule, when the defense has made a timely request to argue last on responsibility. McCloud made that request and carefully preserved the issue at all stages including his petition for certiorari.

of proceedings of this sort means that a degree of flexibility exists with respect to the order of argument on the issue of criminal responsibility.

We recognized this situation in *Treece*, although we did not have to decide the order of argument question there, since we reversed on other grounds. *Treece* teaches that the distinct nature of the guilt/innocence-criminal responsibility issues "strongly suggests that the defense should be permitted to open and close argument, on the issue of criminal responsibility." *Id.* at 685, 547 A.2d at 1064. But we also recognized that to allow the defense to open and close on criminal responsibility in an unbifurcated trial "could present practical problems." *Id.* We envisioned a trial at which "the guilt/innocence and criminal responsibility proofs have all been placed before the jury at [an unbifurcated] criminal trial." *Id.* Under these circumstances, "[t]o have the prosecutor argue first and last (with defense counsel sandwiched in-between) on guilt/innocence and defense counsel speak first and last (with the prosecutor in-between) on criminal responsibility could produce overlap and confusion, just as the intermingling of these separate matters during trial could bring about that result." *Id.* Thus, we did not say that the order of argument should be varied in every case involving the question of lack of criminal responsibility.

We did intimate that a trial judge's discretion in allocating the order of argument, even absent a rule like Rule 4–314, may sometimes be exercised to allow the defense to go first and last on the issue of criminal responsibility. The question now becomes whether, on the record before us, the trial judge abused his discretion (or failed to exercise discretion at all) when he rejected McCloud's request to argue last on the subject of responsibility.

### III.

During jury voir dire, Judge Woods characterized this case as one in which "the principal defense is that the Defendant, Mr. McCloud, was not responsible as a result of

mental disorder at the time of the incident. . . ." It was not surprising, therefore, that as the trial unfolded, this was the major topic of discussion. The defense's opening statement related solely to McCloud's asserted lack of criminal responsibility. The State's case-in-chief, for the most part, did not bring out facts bearing on the responsibility issue. As we have recounted in Part I of this opinion, the defense's case addressed only facts and opinions pertaining to lack of criminal responsibility, while the State's rebuttal was restricted to evidence tending to show the existence of criminal responsibility.

When the State began its argument to the jury, the prosecutor averred that the issue of guilt or innocence was "really no issue at all" and that McCloud's guilt had been proven "beyond all doubt in this case." The balance of the State's opening argument focused on criminal responsibility.[3] In response, defense counsel conceded that he had not "approached negating the evidence with respect to the facts of the occurrence." The rest of his argument was devoted to McCloud's lack of criminal responsibility.[4] In closing, the State canvassed only that subject.[5]

It is plain that this case did not involve, at either the evidentiary or argument stages, a *melange* of guilt/innocence and criminal responsibility issues. The danger of overlap and confusion that we saw as a possibility in *Treece* was not present here. The bulk of this case was about the criminal irresponsibility defense. The circumstances would have entitled the defense to argue last on that issue had Rule 4–314(c)(4) then been in effect and had such a request been made. Even without the rule, the defense's request to argue last required an exercise of the court's discretion.

---

**3.** The State's opening argument occupies about 10½ pages of transcript. Nine and one-half of them are occupied by discussion of criminal responsibility.

**4.** Twenty-two out of twenty-two and one-half pages.

**5.** Over eight additional pages.

When a court is required to exercise discretion, it must identify principles of law that govern the situation before it and then attempt to apply them in light of the factual and procedural posture of the case. This involves an exercise in balancing alternative solutions and deciding which one to apply, in order to advance the interests of justice. *Colter v. State*, 297 Md. 423, 426–431, 466 A.2d 1286, 1288–1290 (1983). Put otherwise, "discretion is properly exercised if a trial judge makes his ruling based on 'all the considerations which properly enter into the problem.'" *Crum v. State*, 58 Md.App. 303, 307, 473 A.2d 67, 69 (1984) (quoting *Mathias v. State*, 284 Md. 22, 27, 394 A.2d 292, 295 (1978) (quoting *Lee v. State*, 161 Md. 430, 441, 157 A. 723, 727 (1931))). It is difficult to tell whether Judge Woods exercised his discretion at all when he denied McCloud's request. His statement that "I'm not going to venture into that yet" suggests that he thought he had no discretion.

But assuming he did attempt to exercise his discretion, his denial of the request was, on these facts, an abuse of discretion. The facts known to the judge at that stage of the trial (immediately prior to argument) made it clear that criminal responsibility was the chief—really the only—actually contested issue for the jury to decide. Had Judge Woods any doubts as to how counsel intended to handle argument, he could have dispelled them by asking a few questions. Under the circumstances, McCloud's lawyer should have been allowed to address the jury last on the issue of criminal responsibility. Since he was not, and since that issue was hotly contested and critical to the outcome of the case, we cannot say that the denial of his request to do so was harmless error.[6] *Dorsey v. State*, 276 Md. 638, 659,

---

6. We reject the State's argument that McCloud's request was untimely because not made until after instructions had been given to the jury. At that point, there was still time for the court to specify the order of argument, and if it had done so as requested by McCloud, there was still time to explain the new arrangements to the jury by way of supplemental instruction. We also do not believe that McCloud was required to renew his request at some later point. In view of the

**368**

350 A.2d 665, 678 (1976). Consequently, we must reverse the judgment of the Court of Special Appeals on this issue.[7] Because of this holding, we need not address the question whether Rule 4–314 should be applied to McCloud's case retrospectively.

## IV.

Because no issue has been raised that might affect the verdicts of guilty entered against McCloud, there is no need to order a new trial on guilt or innocence. McCloud's convictions remain undisturbed, although his sentences must be vacated. *See Pouncey v. State*, 297 Md. 264, 465 A.2d 475 (1983); *Langworthy v. State*, 284 Md. 588, 399 A.2d 578 (1979) (defendant may be guilty of a criminal act, but if the plea of not criminally responsible is accepted, the defendant is not subject to criminal punishment). But there must be a new trial on the issue of criminal responsibility.

That new trial will be governed by Rule 4–314, since our Rules Order of 28 June 1989 (*see* n. 2, *supra*) makes it "apply to all actions commenced on or after July 1, 1989, and insofar as practicable, to all actions then pending...." 16:14 Md.R. 1534 (14 July 1989). The posture of the case at retrial will be that of a bifurcated trial at which the issue of guilt or innocence has been determined adversely to the defendant. Therefore, the appropriate provisions of Rule 4–314(b) will govern. *See* particularly sections (b)(5)(C), (b)(6)(B), and (b)(7).[8]

---

judge's firm and summary rejection of the request, this act would have been futile. *Gore v. State*, 309 Md. 203, 209, 522 A.2d 1338, 1340 (1987).

**7.** In its *McCloud*, the Court of Special Appeals had before it two other issues. 77 Md.App. at 530, 551 A.2d at 152. Neither of them is before us, and we do not disturb the intermediate court's judgment as to them.

**8.** Rule 4–314(b)(5)(C):

If an appellate court affirms the judgment of guilt but remands for a new trial on the issue of criminal responsibility, that issue

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART AND AFFIRMED IN PART. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE VERDICT OF CRIMINAL RESPONSIBILITY AND THE SENTENCES IMPOSED BY THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY.

---

shall be re-tried by a jury impaneled for the purpose or by the court pursuant to paragraph (B) of this subsection.
Rule 4–314(b)(6)(B):
   In the criminal responsibility stage of the trial, the order of proof and argument shall reflect that the defendant has the burden of establishing the lack of criminal responsibility. The defendant and the State may rely upon evidence admitted during the [guilt/innocence] stage and may recall witnesses.
Rule 4–314(b)(7):
   The State may move for judgment on the issue of criminal responsibility at the close of the evidence offered by the defendant. In ruling on the motion, the court shall consider all evidence and inferences in the light most favorable to the defendant. The court may grant the motion if it finds no legally sufficient evidence from which a rational trier of fact could find that the defendant was not criminally responsible.