590 A.2d 560

**Larry Allen BREEDEN**

v.

**STATE of Maryland.**

**No. 892, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 30, 1991.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and M. Kenneth Long, State's Atty. for Washington County, Hagerstown, on the brief), for appellee.

Submitted before WILNER, C.J., and CATHELL, J., and EDWARD O. WEANT, J. (Retired), Specially Assigned.

WEANT, Judge, Specially Assigned.

Larry Allen Breeden, the appellant, was convicted on a guilty plea in the Circuit Court for Washington County (Wright, J.) of second-degree murder and sentenced to twenty-five years incarceration. The case then proceeded to trial on the issue of appellant's criminal responsibility. The court found that, although the appellant did suffer from a mental disorder, the mental disorder did not so impair the appellant that he lacked the ability to know that what he did was wrong. The court found that he was criminally responsible for second-degree murder.

The only issue that the appellant presents on appeal is whether the trial court erred in failing to advise him of his right to a jury determination of criminal responsibility. His entire argument in support thereof is dependent on Maryland Rule 4–314.

The facts in the case are relatively simple.

■ The appellant admitted that he strangled to death his friend, Shirley Baker. At trial, prior to accepting the appellant's guilty plea, the court advised the appellant of his right to a jury trial and other rights he was giving up by pleading guilty. The court said in that regard:

> THE COURT: Now you understand that by a plea of guilty you are waiving certain rights and I will outline those rights to you. You are first waiving your right to trial *on the issue of guilt or innocence.* Whether that trial was before a court or a jury. A jury is made up of twelve persons and to be convicted by a jury all twelve jurors must be convinced *of your guilt* beyond a reasonable doubt and to a moral certainty. If any one juror was not so convinced of guilty then that panel of twelve could not return a verdict of guilty. By pleading guilty you are therefore waiving your right to trial by twelve persons and your right to a unanimous agreement by all twelve jurors.

(Emphasis added). Later, the court went on to say:

> There will be of course a hearing after the conclusion of these questions which will determine the issue of responsibility. But as far as an appeal from a judgment entered on a guilty plea as to the merits of the charge and the facts of the elements of the offense there is no right to a appeal from a judgment entered on a guilty plea.

It is clear from this that the explanation given to appellant with respect to his right to a jury trial focused only on the guilt/innocence stage of the trial. He was never told that he had a right to have a jury determine whether he was criminally responsible for his admitted conduct.

Maryland Rule 4–314, adopted in the wake of *Treece v. State*, 313 Md. 665, 547 A.2d 1054 (1988), permits a bifurcated trial "in which the issue of criminal responsibility will be heard and determined separately from the issue of guilt" where the defendant "has entered pleas of both not guilty and not criminally responsible by reason of insanity and has elected a jury trial." Section (a)(1). Most of the Rule deals with that circumstance—where, on a not guilty plea, a jury determines whether the defendant is innocent or guilty. Upon a finding of guilty, the defendant may have the issue of criminal responsibility determined either by the jury that determined his guilt or by the judge who presided at that stage of the trial.

Section (a)(4) of the Rule, however, speaks to the situation at hand. It states:

> If the defendant has entered pleas of both guilty and not criminally responsible by reason of insanity and the court accepted the guilty plea, there shall be a trial on the issue of criminal responsibility unless the State stipulates to a finding that the defendant is not criminally responsible. Notwithstanding any other provisions of law, the defendant may appeal from the judgment, but only on the issue of criminal responsibility.

In this situation, the only trial that actually occurs is on the issue of criminal responsibility. A defendant *may* waive his right to a jury trial, of course, but such a waiver may not be accepted until the court determines, after an examination of the defendant on the record, that the waiver is made knowingly and voluntarily. Maryland Rule 4–246(b). And, although no "fixed incantation" is necessary, "a defendant must have some knowledge of the jury trial right before he is allowed to waive it." *Martinez v. State*, 309 Md. 124, 134, 522 A.2d 950 (1987). Here, appellant was never informed that he had a right to a jury trial on the issue of criminal responsibility. Immediately upon the acceptance of the guilty plea, the court announced: "[M]r. Breeden is guilty of the crime of murder in the second degree. Alright. Proceed to the responsibility phase. Any

opening statements?" There was no mention whatsoever of a jury trial on that issue.

Accordingly, we conclude that there was not a valid waiver of appellant's right to a jury trial on the issue of criminal responsibility. As no complaint is, or could in this proceeding be, made about the verdict of guilty, we shall not disturb that, but shall vacate the judgment and remand for new trial on the issue of criminal responsibility.

JUDGMENT AS TO CRIMINAL RESPONSIBILITY VACATED; CASE REMANDED TO CIRCUIT COURT FOR WASHINGTON COUNTY FOR RETRIAL ON ISSUE OF CRIMINAL RESPONSIBILITY; WASHINGTON COUNTY TO PAY THE COSTS.