635 A.2d 26

**Stephen MARSH**

v.

**STATE of Maryland.**

**No. 501, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Jan. 4, 1994.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Attorney for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before ALPERT, CATHELL and MURPHY, JJ.

ALPERT, Judge.

In this case we are asked to decide whether a defendant who enters a not guilty and not criminally responsible plea and who subsequently waives his right to a jury trial on the guilt/innocence issue should be advised by the court that he is simultaneously waiving his right to a jury trial on the criminal responsibility issue. Stephen Marsh ("appellant") was convict-

ed in the Circuit Court for Baltimore City of attempted murder and related offenses. He now appeals and asks us the following:

Was there a proper waiver of Appellant's right to a jury trial under Maryland Rules 4–246 and 4–314?

We conclude that the waiver was not proper and accordingly reverse.

I.

Appellant was charged with attempted murder and related offenses. He pleaded not guilty and entered a not criminally responsible ("NCR") plea based upon alleged steroid intoxication. He also requested a jury trial. A jury trial waiver hearing was conducted wherein appellant chose to proceed with a bench trial. The trial judge found the appellant guilty of attempted first degree murder, use of a handgun and malicious destruction. The court also found appellant criminally responsible. This appeal followed.

On appeal, appellant is challenging the sufficiency of the recitation of his rights given to him by the court during the jury trial waiver hearing. Appellant asserts that the trial court erred by not advising him "of his right to a jury trial on the issue of his criminal responsibility raised by way of a not criminally responsible plea."

The State contends that such an analysis is flawed because neither the State nor the appellant moved to bifurcate the trial on the issue of criminal responsibility. It is the State's position that

a defendant pleading not guilty but also pursuing a plea of not criminally responsible ... must elect between two fundamentally different procedural methods by which he may raise his defense. First, he may simply elect to proceed with a unitary trial, as Marsh did in this case, under Maryland Rule 4–314(a). In that event, the defense is entitled to raise the not criminally responsible defense as it would raise any affirmative defense at an ordinary trial on guilt or innocence. Alternatively, the defendant may elect

to go forward in a bifurcated proceeding, by filing a formal written motion seeking bifurcation. The same result is accomplished automatically under the Rule where a defendant pleads guilty on the guilt or innocence issue subject to the not criminally responsible defense.

In *Treece v. State,* 313 Md. 665, 547 A.2d 1054 (1988), the Court of Appeals held that, except in unusual circumstances, it is the defendant's right to assert a NCR plea. *Id.* at 681, 547 A.2d 1054. The Court analyzed several cases and observed that "[t]hese cases teach that the defendant ordinarily has the ultimate decision when the issue at hand involves a choice that will inevitably have important personal consequences for [the defendant]." *Id.* at 674, 547 A.2d 1054. The Court stated that "[s]ection 12–109(b) of the Health–General Article places on the defendant the 'burden to establish, by a preponderance of the evidence, the defense of not criminally responsible.' This marks an about-face from prior law under which the State had to prove the defendant's 'sanity' beyond a reasonable doubt." *Id.* at 684, 547 A.2d 1054.[1]

The Court also rejected the State's argument that the NCR defense is an affirmative defense, no different from defenses such as self-defense, coercion, entrapment, or consent. The Court noted that "if we ... assume that a plea of not criminally responsible is indeed an affirmative defense, we believe that defense is inherently different from the other affirmative defenses because of the potentially far-reaching consequences which may result for the defendant." *Id.* at 675, 547 A.2d 1054. The Court further explained that a NCR defense differs from the other affirmative defenses (such as

---

1. In *McCloud v. State,* 317 Md. 360, 363 n. 1, 564 A.2d 72 (1989), the Court of Appeals commented that:

 At one time when lack of criminal responsibility (then referred to as "insanity") was at issue, it was the State's burden to prove "sanity," as well as guilt beyond a reasonable doubt. The statutory scheme was substantially changed by Ch. 501, Acts of 1984, and held constitutional (with respect to the newly allocated burden of proof) in *Hoey v. State,* 311 Md. 473, 536 A.2d 622 (1988).
 (citations omitted)

self defense, etc.) because prevailing on the other defenses allows the defendant to go free. On a successful NCR plea, the court is instructed to immediately "commit the [criminally not responsible] defendant to the Department [of Health and Mental Hygiene] for institutional, inpatient care or treatment." *Id.* at 676, 536 A.2d 622 (citing Health–General Article, Md.Code Ann., section 12–111(a) (1990 Repl.Vol. & Supp. 1993)) (alterations in original). *But see* § 12–111(c) (listing exceptions to automatic commitment). The Court stated that "the issues of guilt and criminal responsibility are separate. For the criminal responsibility issue, the burdens of pleading, producing evidence, and persuading the fact-finder that criminal punishment should not be imposed are all borne by the defendant." *Id.* at 684–85, 536 A.2d 622. *See also Hunt v. State,* 321 Md. 387, 447–48, 583 A.2d 218 (1990) (citing *Treece,* 313 Md. at 665, 547 A.2d 1054) (noting that "[a] defendant's guilt or innocence is a determination completely separate from that of criminal responsibility.") The Court concluded by noting that, because of these differences, when the defendant pleads not criminally responsible by reason of insanity, the guilt or innocence stage of the trial could be bifurcated from the hearing to determine whether the defendant lacked criminal responsibility. *Treece,* 313 Md. at at 686–87, 547 A.2d 1054.

In the instant case, the State contends that the NCR plea is like "any affirmative defense at an ordinary trial on guilt or innocence," when in fact *Treece* holds to the contrary. A NCR plea significantly changes the burden borne by the defendant. Section 12–109 of the Health–General Article requires the defendant to "file a written plea alleging, in substance, that when the alleged crime was committed, the defendant was not criminally responsible by reason of insanity." Furthermore, it is the defendant who must show by a "preponderance of the evidence" that he was not criminally responsible when the alleged crime was committed. *Id.* at section 12–109(b). Courts are precluded from entering a NCR verdict unless the defendant or defense counsel has entered a written plea. *Id.* at 12–109(d). Additionally, even in a unitary trial, the court is

granted discretion to allow the defense to go first and last on the issue of criminal responsibility. *See* Md. Rule 4–314(c)(4); *McCloud v. State,* 317 Md. 360, 363–65, 564 A.2d 72 (1989). *See also* Md. Rule 4–314(b)(6)(B) (allowing the defense to open and close argument on the criminal responsibility issue in a bifurcated trial); *McCloud* 317 Md. at 364, n. 2, 564 A.2d 72.

■ A defendant who pleads not guilty and enters a NCR plea can proceed in two different ways. First, under Md. Rule 4–314(a)(1), if he selects a jury trial, he could petition the court to bifurcate the case. In such an instance, the jury first hears the issue of guilt/innocence, and if the defendant is found guilty, the same jury hears the issue of criminal responsibility. Md. Rule 4–314(b)(5)(A). Second, the defendant can choose not to bifurcate the trial and proceed in a unitary fashion.

■ In the instant case, appellant did not choose the bifurcation option under Md. Rule 4–314. In fact, because he chose to proceed with a bench trial, appellant could not have bifurcated the trial even if he so desired. This is so because bifurcation is only available when a jury trial is chosen.[2] It is important to note that under Md. Rule 4–314, if a defendant chooses a jury trial and bifurcates the issues, he can at a later date, if he wishes, have the court hear the issue of criminal responsibility. Md. Rule 4–314(b)(5)(B) The Rule, does not, however, explicitly permit a defendant to bifurcate the trial by allowing a court to determine guilt/innocence and then having a jury hear the criminal responsibility issue.[3] Therefore, if a defendant chooses to proceed with a court trial on the guilt/innocence issue, he simultaneously chooses to have the court determine the criminal responsibility issue. Thus, if a defendant waives his right to a jury trial on the guilt/innocence

---

**2.** *See* Md.Rule 4–314(a)(4) for the procedure when a guilty and NCR plea is entered.

**3.** The plain language, legislative history and Reporter's note on the Rule support such an interpretation. *See* Minutes, Court of Appeals Standing Committee on Rules of Practice & Procedure, January 13–14, 1989; February 10, 1989 (noting that the bifurcation procedure is only available when a defendant elects a jury trial.)

issue, he also *effectively* waives his right to a jury determination on the criminal responsibility issue.

 This analysis sets the stage for the question as to whether a defendant who waives his right to a jury trial on the guilt/innocence issue should be advised by the court that he is simultaneously waiving his right to a jury trial on the criminal responsibility issue. This is an issue of first impression. The appellant contends that reversible error was committed because the trial court did not instruct him that he was waiving his right to a jury trial on the criminal responsibility issue when he waived his right to a jury trial on the guilt/innocence issue. Accordingly, he asserts that the waiver was not "knowing or intelligent." We agree.

At the beginning of the trial, the court conducted a jury trial waiver hearing. The following exchange transpired:

The Court: Okay. Now, my understanding is that Mr. Marsh prays a Court trial.

Mr. McCourt [Defense Counsel]: That is correct.

The Court: But, I presume that he has in the past sought a jury trial, is that right?

Mr. McCourt: Originally prayed a jury trial, that is correct.

The Court: All right. Let me advise you, Mr. Marsh, that you do have an absolute right to a jury trial or a Court trial at your request.

Now a jury trial—a Court trial, of course means that the Judge listens to all the facts and evidence in the case and decides whether you're guilty beyond a reasonable doubt.

In a jury trial you, Mr. McCourt and Mr. Flannery would choose twelve persons from the now Motor Vehicle Administration registry and those twelve people could be young or old, men or women, black, white, Oriental, native American. In other words, those twelve people could be a cross section of your community, which is Baltimore City, and those twelve people would have to decide *your guilt* by the same standard a Judge applies and that standard again is *beyond a reasonable doubt.* The difference is that all twelve would

have to agree that you are guilty before you could be convicted or all twelve would have to agree, agree you were not guilty before you could be acquitted. If they couldn't agree and came back nine to three, ten to two, even eleven to one it's called a hung jury and if there is a hung jury the State's Attorney has the option to dismiss the charges against you or to try you over and over and over again until a jury agrees that you're guilty or agrees that you're not guilty.

Do you understand that, sir?

The Defendant: Yes, ma'am.

The Court: Now, understanding that, sir, the Court presumes you've had an opportunity to discuss your choice with your attorney, Mr. McCourt, is that right?

The Defendant: Yes, ma'am.

The Court: All right. Having discussed it and having understood what the Court has said to you is it your wish to pray a jury trial or to give up, that is waive, that right to a jury trial?

The Defendant: I would like to waive that right, please.

The Court: Very well. And, you choose to have a Court trial?

The Defendant: Yes, ma'am.

█ Under Maryland law, the appellant has a right to a jury trial on the issue of his criminal responsibility. In *Breeden v. State* 87 Md.App. 508, 590 A.2d 560 (1991), we stated that if the defendant pleads guilty and NCR, Maryland Rule 4–314(a)(4) requires that separate instructions be given. We noted that

A defendant *may* waive his right to a jury trial, of course, but such a waiver may not be accepted until the court determines, after an examination of the defendant on the record, that the waiver is made knowingly and voluntarily. And, although no "fixed incantation" is necessary, "a defendant must have some knowledge of the jury trial right before he is allowed to waive it."

*Id.* at 511, 590 A.2d 560 (citations omitted). We held that, in that case, the defendant had not waived his right to a jury trial because the court did not inform him of that right.

■ Here, our review of the record indicates that the trial court did not inform the appellant of his right to a jury trial on the criminal responsibility issue. The judge merely stated that the appellant had the right to be tried by a jury on the issue of his "guilt." Therefore, the appellant was never informed that because he was waiving his right to a jury trial on the guilt/innocence issue, he was precluded from having a jury decide the criminal responsibility issue. It is settled law that a waiver is ineffective unless it is voluntary, intelligent and knowledgeable. *See Martinez v. State,* 309 Md. 124, 134, 522 A.2d 950 (1987). Additionally, under Md.Rule 4–246, a court is required to conduct a waiver inquiry "on the record in open court" and "examine the defendant, for only he can waive his right to a jury trial." *Martinez,* 309 Md. at 133, 522 A.2d 950. Thus, for a waiver to be valid, "the court must be satisfied that the defendant's election was made knowledgeably and voluntarily." *Id.* at 133, 522 A.2d 950. In other words, "there has been an intentional relinquishment or abandonment of a known right or privilege." *State v. Hall,* 321 Md. 178, 182, 582 A.2d 507 (1990) (citing *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)).

In the instant case, the trial court never informed appellant that by waiving a jury trial on the guilt/innocence issue, he was also waiving his right to have a jury hear the criminal responsibility issue. Thus, appellant's waiver could not be "intelligent or knowledgeable." We hold, therefore, that when confronted with facts similar to those in the case at bar, at a minimum, a trial court should ascertain whether the defendant is aware of the fact that by waiving a jury trial on the guilt/innocence issue, a simultaneous waiver of reaching the jury on the criminal responsibility is also being exercised. This is because once the defendant is informed of the simultaneous waiver, he can then, if he chooses, execute a voluntary, intelligent and knowledgeable waiver.

JUDGMENT REVERSED. CASE REMANDED FOR A NEW TRIAL. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.