528

654 A.2d 1318

STATE of Maryland

v.

Stephen MARSH.

No. 25, Sept. Term, 1994.

Court of Appeals of Maryland.

March 8, 1995.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Nancy M. Cohen, Asst. Public Defender (Stephen E. Harris, Public Defender, George E. Burns, Jr., Asst. Public Defender, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, CHASANOW, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge of the Court of Appeals (retired), Specially Assigned.

RAKER, Judge.

This case presents the question of whether a criminal defendant who pleads not guilty and not criminally responsible and elects a bench trial must be informed by the court that this election constitutes a waiver of jury rights with respect to both guilt or innocence and criminal responsibility. We answer in the negative and hold that the defendant's waiver in this case was valid.

Respondent Stephen Marsh was charged with attempted murder and related crimes. He entered pleas of not guilty and not criminally responsible (NCR), and, after a bench trial, he was found guilty and criminally responsible. The Court of Special Appeals reversed, holding that Marsh had not been adequately informed that by waiving a jury trial on the guilt-or-innocence issue, he was also waiving his right to have a jury decide the issue of criminal responsibility. *Marsh v. State*, 98 Md.App. 686, 635 A.2d 26 (1994). We reverse the Court of Special Appeals and affirm Marsh's conviction.

## I.

Marsh was convicted of two counts of attempted first degree murder; two counts of the use of a handgun in the commission of a crime of violence, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Article 27, § 36B(d); and one count of malicious destruction of property, in violation of Article 27, § 111.

Prior to trial for these offenses, Marsh entered pleas of not guilty and not criminally responsible by reason of insanity. *See* Maryland Code (1982, 1990 Repl.Vol., 1993 Cum.Supp.) §§ 12–108—12–109 of the Health–General Article. At no time did he move to bifurcate the proceedings. *See* Maryland Rule 4–314(a). Although he originally requested a jury trial, Marsh ultimately elected to be tried by the court. Judge Mabel Houze Hubbard conducted the following colloquy with Marsh about his desire to waive his right to a jury trial:

THE COURT: Now, my understanding is that Mr. Marsh prays a court trial.

[DEFENSE COUNSEL]: That is correct.

THE COURT: But, I presume that he has in the past sought a jury trial, is that right?

[DEFENSE COUNSEL]: Originally prayed a jury trial, that is correct.

THE COURT: All right. Let me advise you, Mr. Marsh, that you do have an absolute right to a jury trial or a court trial at your request.

Now, a jury trial—a court trial, of course, means that the judge listens to all the facts and evidence in the case and decides whether you're guilty beyond a reasonable doubt.

In a jury trial, you, [Defense Counsel] and [the State's Attorney] would choose twelve persons from the now Motor Vehicle Administration registry and those twelve people could be young or old, men or women, black, white, Oriental, native American. In other words, those twelve people could be a cross section of your community, which is Baltimore City, and those twelve people would have to decide your guilt by the same standard a judge applies and that standard again is beyond a reasonable doubt. The difference is that all twelve would have to agree that you are guilty before you could be convicted or all twelve would have to agree, agree you were not guilty before you could be acquitted. If they couldn't agree and came back nine to three, ten to two, even eleven to one, it's called a hung jury and if there is a hung jury the State's Attorney has the option to dismiss the charges against you or to try you over and over and over again until a jury agrees that you're guilty or agrees that you're not guilty.

Do you understand that, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, understanding that, sir, the court presumes you've had an opportunity to discuss your choice with your attorney, Mr. McCourt, is that right?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Having discussed it and having understood what the court has said to you, is it your wish to

pray a jury trial or to give up, that is waive, that right to a jury trial?

THE DEFENDANT: I would like to waive that right, please.

THE COURT: Very well. And, you choose to have a court trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right, sir. I will hear the case.

Judge Hubbard accepted Marsh's waiver. Following a bench trial, she found him guilty and criminally responsible.

Marsh noted a timely appeal to the Court of Special Appeals, contending that the trial court should have informed him that if he elected a bench trial on the merits, then the issue of criminal responsibility would also be decided by the court. The Court of Special Appeals agreed and reversed the conviction. We granted the State's petition for a writ of certiorari.

## II.

Marsh contends that his waiver of jury rights was invalid because the trial court did not specifically inform him of the statutory right to submit the question of criminal responsibility to a jury. He argues that the decision to enter a plea of NCR must be made by the defendant personally, not by counsel. *Treece v. State,* 313 Md. 665, 547 A.2d 1054 (1988). Consequently, any waiver of the right to a jury trial on criminal responsibility must be made by the defendant, in accordance with the specifications of Maryland Rule 4–246. Before this Court, Marsh also claims that the trial court misled him by telling him that the State would have to prove criminal responsibility beyond a reasonable doubt, whereas in fact Marsh bore the burden of proving lack of criminal responsibility by a preponderance of the evidence. *See* Maryland Code (1982, 1990 Repl.Vol., 1993 Cum.Supp.) § 12–109(b) of the Health–General Article.

The Court of Special Appeals accepted Marsh's argument that *Treece* and Maryland Rule 4–246 require that the defendant be advised in open court of the right to a jury trial on an NCR defense and held that "for a waiver to be valid, 'the court must be satisfied that the defendant's election was made knowledgeably and voluntarily.' " *Marsh v. State*, 98 Md.App. 686, 694, 635 A.2d 26, 30 (1994) (quoting *Martinez v. State*, 309 Md. 124, 133, 522 A.2d 950, 955 (1987)). We disagree. We hold that a trial court may accept the waiver of jury trial in an NCR case without giving any advice to the defendant relating specifically to the NCR defense. We further hold that the trial court did not misinform Marsh about the burden of proof.

## III.

At the outset, we address whether the result in this case is governed by Maryland Rule 4–246 or our decision in *Treece v. State*, 313 Md. 665, 547 A.2d 1054 (1988). We find that neither applies to the waiver of the right to a jury at the criminal responsibility stage of the proceeding.

## A.

Giving effect to the pronouncements of the Supreme Court, we have required trial courts to observe substantial procedural requirements when accepting the waiver of the Sixth Amendment right to trial by jury. *See Martinez v. State*, 309 Md. 124, 522 A.2d 950 (1987). These requirements are embedded in Maryland Rule 4–246:

**Rule 4–246. WAIVER OF JURY TRIAL—CIRCUIT COURT**

(a) **Generally.**—In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may not elect a trial by jury.

(b) **Procedure for Acceptance of Waiver.**—A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the

waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.[1]

Marsh contends that Maryland Rule 4–246(b) applies to the waiver of the right to an NCR proceeding with a jury, as well as the constitutional right to a jury trial on the merits.[2] This is incorrect.

The history of Rule 4–246 indicates that it only applies to the waiver of the right to a jury trial on the merits. Rule 4–246 is substantially the same as its predecessor, Rule 735, as it appeared after a revision in 1981. Prior to the 1981 revision, Rule 735(b) required the defendant to make a written election between a jury trial and a court trial. The form prescribed by the Rule for this written election contained the following language:

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

Maryland Rule 735(b) (1980). The references to "a finding of guilty" show that the Rule only applied to the waiver of jury rights as to the merits of the case. *See Harris v. State,* 295 Md. 329, 341, 455 A.2d 979, 985 (1983) (Murphy, C.J., dissenting in part and concurring in part) (noting that Rule 735(b), by its terms, relates only to the guilt-or-innocence phase of the trial).

---

**1.** Section (c), concerning withdrawal of the defendant's waiver, is not at issue in this case.

**2.** The right to a jury in an NCR proceeding is not protected by the Sixth Amendment to the United States Constitution. *Cf. Medina v. California,* —— U.S. ——, ——, 112 S.Ct. 2572, 2579, 120 L.Ed.2d 353 (1992) (noting that the Supreme Court has never recognized a right to an insanity defense under the United States Constitution).

When this portion of the Rule was revised in 1981, the Standing Committee on Rules of Practice and Procedure submitted to this Court a draft which required the trial court to inform the defendant that "a finding of guilty" in a jury trial must be unanimous. 8 Md.Reg. 1928, 1930 (1981). The fact that the Rules Committee retained some mention of "a finding of guilty" demonstrates that it did not propose the revision of Rule 735 in order to expand the Rule's application. *See* Standing Committee on Rules of Practice and Procedure, 75th Report to the Court of Appeals (Oct. 26, 1981). When the new Rule 735 was adopted, this Court deleted the portion of the Committee's proposal which contained language referring specifically to "a finding of guilty." 8 Md.Reg. at 1930. The purpose of this deletion was to make the Rule more flexible by eliminating the prescribed litany, not to extend the Rule's scope. *See Martinez*, 309 Md. at 132 n. 7, 522 A.2d at 954 n. 7 ("The codification of [the changes in] Rule 735 eliminated the need for a written waiver and no longer required the trial court to recite to the accused a fixed litany concerning the precise contours of the jury trial right." (citation omitted)). It is thus apparent that, when the language specifically tying Rule 735 to the merits phase of the trial was removed in 1981, neither the Rules Committee nor this Court intended to extend the application of the Rule to the waiver of jury rights in other contexts.

Our cases reinforce what the Rule's evolution suggests. *See, e.g., Martinez*, 309 Md. at 133–34, 522 A.2d at 955 (relying on constitutional precedents in interpreting Rule 4–246); *cf. Bruce v. State*, 328 Md. 594, 604, 616 A.2d 392, 397 (1992) (implicitly stating that Rule 4–246(b) does not apply to the waiver of jury rights in a capital sentencing proceeding), *cert. denied*, —— U.S. ——, 113 S.Ct. 2936, 124 L.Ed.2d 686 (1993); *State v. Kenney*, 327 Md. 354, 361, 609 A.2d 337, 340 (1992) (noting that Rule 4–246(b) does not govern the waiver of the right to a twelve-person jury). Because this case does not

involve the right to a jury trial on the merits, Rule 4–246 does not apply.[3]

## B.

■ We conclude that *Treece v. State*, 313 Md. 665, 547 A.2d 1054 (1988), is also inapplicable in this situation. *Treece* involved a plea of NCR entered by counsel over the defendant's objections. We held that an attorney may not assert the defense of NCR against the wishes of the defendant. *Id.* at 681, 547 A.2d at 1062.

In *Treece*, we concluded that the decision to enter a plea of NCR must be made by the defendant personally, "because of the potentially far-reaching consequences which may result for the defendant." *Id.* at 675, 547 A.2d at 1059. In particular, we observed, "If lack of criminal responsibility is found, that is not an acquittal," *id.* at 676, 547 A.2d at 1059; on the contrary, the defendant may be faced with indefinite commitment to a state institution. Furthermore, the defendant may prefer to forego a plea of NCR rather than face the "stigma that often attaches, however unreasonably, to a person with a mental disease." *Id.* at 677, 547 A.2d at 1060.

These concerns are not germane, however, to the election between modes of trial. Because the possible consequences of an NCR plea, including stigma and indefinite commitment, are the same whether the case is tried before a jury or the court, the reasoning of *Treece* is not relevant to the question presented in this case.

## IV.

■ We have determined that Maryland Rule 4–246 and our holding in *Treece* do not mandate any special inquiry in

---

**3.** In *Breeden v. State*, 87 Md.App. 508, 590 A.2d 560 (1991), the defendant pled guilty and then had a bench trial on criminal responsibility. The Court of Special Appeals, applying Maryland Rule 4–246, held that the defendant had not validly waived his jury rights with respect to the criminal responsibility proceeding. *Id.* at 511–12, 590 A.2d at 561–62. To the extent that *Breeden v. State*, 87 Md.App. 508, 590 A.2d 560 (1991), is inconsistent with our holding in this case, it is disapproved.

the NCR context beyond what is required for the waiver of jury rights in all other cases. We now consider whether Marsh's waiver in this case was valid. We find that Marsh's waiver of his right to a jury proceeding on criminal responsibility was incorporated within his waiver of his right to a jury · trial on the merits.

The key to the resolution of this case lies in Maryland Rule 4-314, which, among other things, governs the right to a jury at an NCR hearing. This Rule provides in pertinent part:

### Rule 4-314. DEFENSE OF NOT CRIMINALLY RESPONSIBLE

#### (a) Bifurcation of Trial.—

(1) *Who May Request.*—If a defendant has entered pleas of both not guilty and not criminally responsible by reason of insanity and has elected a jury trial, the defendant or the State may move for a bifurcated trial in which the issue of criminal responsibility will be heard and determined separately from the issue of guilt.

(2) *Time for Filing Motion.*—A motion for a bifurcated trial shall be filed no later than 15 days before trial, unless otherwise ordered by the court.

(3) *Granting of Motion.*—

(A) The court shall grant a motion made by the defendant unless it finds and states on the record a compelling reason to deny the motion.

(B) The court may grant a motion made by the State if it finds and states on the record (i) a compelling reason to bifurcate the trial and (ii) that the defendant will not be substantially prejudiced by the bifurcation.

(4) *If a Plea of Guilty Is Entered.*—If the defendant has entered pleas of both guilty and not criminally responsible by reason of insanity and the court has accepted the guilty plea, there shall be a trial on the issue of criminal responsibility unless the State stipulates to a finding that the defendant is not criminally responsible. Notwithstanding any other provisions of law, the defendant may appeal from

the judgment, but only on the issue of criminal responsibility.

**(b) Procedure for Bifurcated Trial.—**

(1) *Generally.*—For purposes of this Rule, a bifurcated trial is a single continuous trial in two stages.

(2) *Sequence.*—The issue of a [sic] guilt shall be tried first. The issue of criminal responsibility shall be tried as soon as practicable after the jury returns a verdict of guilty on any charge. The trial shall not be recessed except for good cause shown.

(3) *Examination of Jurors.*—The court shall inform prospective jurors before examining them pursuant to Rule 4-312(d) that the issues of guilt or innocence and whether, if guilty, the defendant is criminally responsible will be tried in two stages. The examination of prospective jurors shall encompass all issues raised.

(4) *Appointment of Alternate Jurors.*—The court shall appoint at least two alternate jurors, who shall be retained throughout the trial.

(5) *Trial of Issue of Criminal Responsibility.*—

(A) Except as otherwise provided in paragraph (B) or (C) of this subsection, the issue of criminal responsibility shall be tried before the same jury that tried the issue of guilt. Any juror who dies, becomes incapacitated or disqualified, or is otherwise discharged before the jury begins to deliberate in the criminal responsibility stage shall be replaced by an alternate juror in the order of selection.

(B) The defendant may move to have the issue of criminal responsibility tried without a jury by the judge who presided over the first stage of the trial. The court shall grant a motion made by the defendant unless it finds and states on the record a compelling reason to deny the motion.

(C) If an appellate court affirms the judgment of guilt but remands for a new trial on the issue of criminal responsibility, that issue shall be re-tried by a jury impaneled for the purpose or by the court pursuant to paragraph (B) of this subsection.

Under this intricate scheme, when Marsh waived his right to a jury trial as to guilt or innocence, he was precluded thereby from seeking a jury determination as to criminal responsibility. The Rule dictates that, where a defendant pleads not guilty and NCR and does not request bifurcation, there will be a single, unified proceeding, before the court or a jury. Furthermore, bifurcation is not permitted where the defendant prays a court trial as to guilt or innocence, in the sense that Rule 4–314 does not provide for a jury hearing on the NCR issue following a bench trial on the merits. Thus, under this Rule, the election of a bench trial on the merits inevitably encompasses a waiver of jury rights as to criminal responsibility.

In this respect, the question of criminal responsibility is like every other issue to be decided in the case. *See People v. Berutko,* 71 Cal.2d 84, 453 P.2d 721, 727, 77 Cal. Rptr. 217, 223 (1969) (jury waiver goes to all of the issues to be decided in the case). The trial court does not need to advise a defendant about every defense to which a waiver of jury rights will extend. *Cf. United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989) (the trial court need not inform a counseled defendant of "each potential defense relinquished by a guilty plea"). The court may assume that the defendant's waiver of jury rights constitutes a decision to submit the question of criminal responsibility to a judge. *See People v. Jarmon,* 2 Cal.App.4th 1345, 4 Cal. Rptr.2d 9, 15 (1992).

## V.

Finally, we consider Marsh's claim that the trial court erroneously informed him that the State would have to prove criminal responsibility beyond a reasonable doubt. There is no merit to this contention.

As Marsh correctly notes, a defendant who pleads NCR bears the burden of establishing this defense by a preponderance of the evidence. Maryland Code (1982, 1990 Repl.Vol., 1993 Cum.Supp.) § 12–109(b) of the Health–General Article.

Judge Hubbard, however, never mentioned the burden of proof on the NCR issue in her colloquy with the respondent. The relevant portion of her explanation follows:

Now, a jury trial—a court trial, of course, means that the judge listens to all the facts and evidence in the case and decides whether you're *guilty beyond a reasonable doubt.*

In a jury trial, you, [Defense Counsel] and [the State's Attorney] would choose twelve persons from the now Motor Vehicle Administration registry and those twelve people could be young or old, men or women, black, white, Oriental, native American. In other words, those twelve people could be a cross section of your community, which is Baltimore City, and *those twelve people would have to decide your guilt by the same standard a judge applies and that standard again is beyond a reasonable doubt.* [Emphasis added.]

These statements clearly refer only to a finding of guilt, and not to a determination of criminal responsibility. Nothing in these remarks is inaccurate or misleading.

## VI.

Under Maryland law, a criminal defendant who waives the right to a jury trial on the merits cannot then submit the question of criminal responsibility to a jury. In this respect, criminal responsibility resembles all other defenses, and the court need not advise the defendant that the waiver of jury rights will reach this issue. A trial court is free to give this advice, but the failure to do so is ordinarily not error. Accordingly, we hold that Marsh was adequately advised of his jury trial right, and that his waiver of that right with respect to his plea of not criminally responsible was valid.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.*